## Weierich's Extr. v. Weierich.

(Decided May 7, 1913.)

### Appeal from Campbell Circuit Court.

Pleading—Evidence—Variance.—In an action by appellee against the personal representative of his deceased brother for certain sums of money alleged to have been held by the brother for appellee's use and benefit, held, that the allegations of the petition when taken and read together must be interpreted to mean that the deceased brother had received from the family estate a certain sum which he held for the use and benefit of appellee, and it can in no sense be said that by the proof that his father gave the decedent the money instead of his mother, there was a total failure of proof under the pleadings. The two allegations of the pleading when taken together are such that there was in fact no variance; certainly not a failure of proof, and the judgment in appellee's favor was properly rendered.

RAMSEY WASHINGTON and HOWARD M. BENTON for appellant.

KELLY & REGENSTEIN and SPANGENBERG & SPANGENBERG for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Nicholas and Casper Weierich were brothers and natives of Germany; they each came to this country in their young manhood and finally settled at Newport, Kentucky.

Nicholas was the elder by eight years, and appears to have been a shrewd and prosperous business man, while

Casper, though industrious, by no means had the business capacity of his brother.

After the death of Nicholas, Casper instituted this action against Nicholas' personal representative seeking to recover for numerous sums of money claimed to have been held by Nicholas for his use and benefit. Upon the trial the lower court gave peremptory instruction as to all of the items except one, and there being no cross-appeal by Casper, we have to deal only with that single item.

It is urged for appellant, (1) that there was a total failure of proof as to the one item in question, and (2) if not a total failure of proof, there was a material variance between the pleading and the proof, and for these reasons appellant's motion for a peremptory instruction should have prevailed.

The general allegation of the petition is that the two brothers each inherited an equal amount of money from their family estate in Germany, and that Nicholas had collected it all, and retained Casper's part thereof in trust for his use and benefit; but in paragraph five, dealing with the specific item involved, it is alleged that Nicholas received from their mother, Dorothea Weierich, for the use and benefit of Casper, 4,000 marks of German money, equivalent to about $1,000 in American money. The evidence shows by the mother herself that this money so received by Nicholas for Casper was given to him by his father and not by her, but that she thinks she was present at the time.

Section 131 of our Civil Code provides:

"If, however, the allegation of the claim or defense, to which the proof is directed, be unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof."

The allegations of the petition when taken and read together must be interpreted to mean that Nicholas Weierich had received from the family estate, or some member of their family, this 4,000 marks, which he held for the use and benefit of Casper, and it can in no sense be said that by the proof that his father gave Nicholas the money instead of his mother, there was a total failure of proof under the pleadings. It is impossible from the state of this record that the appellant could have been misled by the allegations of the pleading, or could have failed to understand that the money which the plain-

tiff sought to recover was the 4,000 marks delivered to Nicholas in 1897 by some member of their family in Germany for the use and benefit of Casper.

The two allegations of the pleading when taken together are such that there was in fact no variance; certainly not a failure of proof.

The evidence is entirely satisfactory that Nicholas received large sums of money from their family in Germany, which he held and used for the benefit of Casper; at different times he invested this money in building and loan stock and real estate mortgages in the name of Casper, but always retained the custody and control of the money.

We are convinced from the record that Nicholas acted in perfect good faith with his brother in his life time, and that if he had lived there would have been no controversy between them.

Even a short time before his death he said to Casper, in the presence of others, that he had his money, and it was well invested, and that he need not worry about it.

Upon the whole case, we see no prejudicial error.

Judgment affirmed.