## Dana Lumber Company v. Sullivan, et al.

(Decided May 30, 1916.)

### Appeal from Powell Circuit Court.

1. Contracts—Timber—Instructions.—Where a contract for the cutting and delivery of timber provides that "payment to be made between the 10th and 15th of each month for all timber cut and skidded in the previous month," and plaintiffs sued to recover a certain portion of the payments retained by the defendant on the ground that they. were compelled to abandon the contract because of the failure of the defendant to make payments in accordance with the contract, the time of payment, and not the failure of the defendant to take up and give estimates within the dates specified, is the essential feature of the contract; and an

instruction authorizing a finding for plaintiffs if the defendant failed and refused to take up and give them estimates on or before the 10th or 15th of each month for the timber cut and skidded in the previous month, is erroneous.

2. Appeal and Error—Instructions—Error—New Trial.—Since the instructions given by the court should be correct as far as they go, it is not necessary for a party, in order to avail himself of an erroneous instruction, to offer an instruction on the subject. It is sufficient if he objects and excepts to the instruction and makes the giving of the instruction a ground for a new trial.

JOHN D. ATKINSON and W. E. R. BYRNE for appellant.

R. S. CRAWFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

On February 20th, 1913, R. L. Sullivan and Z. M. Sullivan entered into a written contract with the Dana Lumber Company, by which they agreed to cut and deliver all the timber on a large boundary of land located on Red river in Powell county. The Sullivans were to place the timber within sixty feet of the company's railroad at the rate of thirty thousand feet per day, or as much as the mill would cut. The company was to pay for the timber at the rate of $4.75 per thousand feet, with the privilege of retaining 50 cents per thousand feet until the completion of the contract. Payments were to be made between the 10th and 15th of each month for all timber cut and skidded in the previous month.

Claiming that they were compelled to abandon the contract by reason of the failure of the company to make payments according to the contract, the Sullivans brought this suit to recover the amount retained by the company. The trial before a jury resulted in a verdict and judgment for plaintiffs for the sum of $1,347.17. The lumber company appeals.

1. We have carefully considered the evidence bearing on the time of payments in connection with the statements of account prepared by the defendant, and practically admitted by plaintiffs, and though it must be conceded that the evidence tending to show that the company did not make the payments within the time required by the contract is not altogether convincing, we cannot say that the finding of the jury is flagrantly against the evidence.

The court instructed the jury as follows:

"If the jury believe from the evidence that after the plaintiffs began to perform their part of the contract the defendant failed and refused to take up and give them estimates on or before the 10th and 15th of each month for the timber cut and skidded in the previous month, and if the jury further believe from the evidence that by reason of such failure or refusal on the part of the defendant the plaintiffs were compelled to abandon the work under the contract, the jury should find for the plaintiffs the sum of $1,347.17 ($1,299.67 retain $47.50), and if the jury find for the plaintiffs they may or may not in their discretion, allow them interest on said sum of $1,347.17 from March 14th, 1914."

It will be observed that this instruction authorizes a finding for plaintiffs if the defendant "failed and refused to take up and give them estimates on or before the 10th and 15th of each month for the timber cut and skidded in the previous month." The contract provides: "Said payment to be made between the 10th and 15th of each month for all timber cut and skidded in the previous month, as hereinbefore provided," etc. Clearly the essential feature of the contract is the payments and not the mere taking up and giving of estimates. Of course, if plaintiffs were paid between the 10th and 15th of each month for all timber cut and skidded in the previous month, the mere failure on the part of the defendant to take up and give the estimates would not justify an abandonment of the contract by plaintiffs. It follows that the instruction is erroneous. The court should have instructed the jury that if they believed from the evidence that plaintiffs, after undertaking the performance of the contract, cut and placed within sixty feet of the defendant's railroad thirty thousand feet of timber per day, or as much as plaintiff's mill could cut, and that the defendant failed to pay, on or before the 15th of each month, for all timber cut and skidded in the previous month, they should find for plaintiffs.

It is suggested that defendant cannot avail itself of the error in the above instruction, because it offered no instruction on the question. This contention is without merit. We have repeatedly held that while the trial court is not required to instruct on every phase of the case, yet its instructions should be correct as far as they go. Lexington & Eastern Railway Co. v. Crawford, 155

Ky. 723, 160 S. W. 267. Here defendant is not complain-. ing of the fact that the court did not give other instructions, but of the particular instruction given by the court. That instruction being erroneous, all that defendant had to do was to object and except thereto and make the giving of the instruction a ground for a new trial in order to avail itself of the error.

Judgment reversed and cause remanded for a new trial consistent with this opinion.