# Chesapeake & Ohio Railway Company, et al. v. Bland.

(Decided October 11, 1916.)

## Appeal from Shelby Circuit Court.

1. Railroads—Personal Injuries—Crossing Accident—Instructions.—
   An instruction in a crossing accident case examined and considered in connection with an instruction given on motion of the defendants, and held not subject to the criticism that it excluded from the jury the sufficiency of the warning given by an electric crossing bell.

2. Railroads—Measure of Damages—Instruction.—An instruction on the measure of damages in a crossing accident case examined, and held not to assume that the plaintiff endured mental and physical suffering, or that his power to earn money was impaired, but that the instruction properly submitted these questions to the jury.

3. Damages—Assessment—Pleading—Instruction.—A petition in an action for personal injuries which alleges that plaintiff was permanently injured is all that is necessary to support an instruction authorizing an award of damages for the permanent impairment of his earning capacity.

4. Damages—Evidence—Impairment of Earning Capacity.—Where the injury is permanent, failure to show one's earning capacity or the impairment thereof is not fatal to a recovery.

5. Damages—Personal Injuries—Instruction.—Where, in an action for damages for personal injuries, the jury has been told that if the plaintiff failed to exercise ordinary care for his own safety they should find for the defendants, it was not prejudicial error to refuse an offered instruction telling the jury to find for the defendants if plaintiff did rely exclusively upon the employes of the railroad company without using ordinary care for his own safety, since the offered instruction required the jury to believe in the existence of a fact not essential to a finding in defendants' favor.

6. Railroads—Crossing Accident—Instruction.—An offered instruction in a crossing accident case, telling the jury that it was the duty of the plaintiff "to exercise ordinary care and be on the lookout to discover whether or not the train was approaching," is properly refused, since the duty imposed on the traveler is merely to exercise ordinary care to discover the approach of the train and keep out of its way.

7. Damages—Personal Injuries—Instruction.—Though it is the better practice to present the defense of contributory negligence in one instruction, the defendants cannot complain of the court's failure to give in a corrected form an offered instruction covering the entire question of contributory negligence where such defense is clearly covered by three other instructions given on motion of defendants.

WILLIS, TODD & BOND for appellants.

BEARD & PICKETT and RALPH GILBERT for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

This is a crossing accident case, in which plaintiff, W. S. Bland, recovered a verdict and judgment for $2,500.00 against the defendants, Chesapeake & Ohio Railway Company and Louisville & Nashville Railroad Company. The railroad companies appeal.

The accident occurred at the intersection of the railroad with the Smithfield turnpike at Hansbrough station, which is located a short distance from the city limits of Shelbyville. At the time of the accident plaintiff, in company with Ike Self, was driving a milk wagon from his home to Shelbyville. They both say that as they approached the crossing they stopped at a point thirty or forty steps therefrom and looked and listened for the train. Not seeing or hearing the train, they proceeded towards the tracks in a jog trot. When they reached the crossing the vehicle was struck by a special Chesapeake & Ohio train and plaintiff was thrown to the ground and injured. Plaintiff and his companion say that the whistle was not blown for the crossing and they did not hear any signal of the train's approach. Other witnesses for plaintiff say the whistle was not blown until just before the accident. Still other witnesses say that they were in a position to hear the signal of the train's approach and did not hear any. The evidence for plaintiff also tended to show that the view of a train approaching from the west was obstructed by a cut and embankment, and that for a distance of about 150 feet north of the railroad track a train coming from the west could not be seen, except, perhaps, at one point where there is a dip in the bank on the north side of the cut. The trainmen and other witnesses for the defendant testify that the crossing whistle was blown, that the bell on the engine was ringing and that a stationary electric bell maintained at the crossing was ringing at the time. Their evidence also tends to show that the view of a train coming from the west was not obstructed at the point where plaintiff claims to have stopped and looked for the train, but that the train could have been seen for a considerable distance. Some of the witnesses also say that the electric bell was not dependable, for the reason that on some occasions it would ring for two or three days at a time, while on others it would not ring at all.

We deem it unnecessary to detail the evidence at length. In our opinion, there was a sufficient conflict in the evidence bearing on the question whether or not reasonable and timely warning of the approach of the train was given, not only to justify the submission of the question to the jury, but to sustain the verdict. We further conclude that the question of the contributory negligence of the plaintiff was also for the jury.

On motion of the plaintiff, the court gave the following instructions:

"(1) It was the duty of the defendants or their agents in charge of the engine at the time and place referred to in the evidence to give reasonable notice or warning of the approach of said engine to the public highway crossing in evidence, and to exercise such care to avoid injuring the plaintiff while using said crossing as ordinarily prudent persons in the operation of an engine would exercise under circumstances similar to those proven in this case, and if the jury believe from the evidence that the defendant's agents in charge of said engine negligently failed to observe any of the duties incumbent upon them as herein set out, and by reason thereof the plaintiff's mule and wagon were struck and the plaintiff was injured, the law is for the plaintiff and the jury should so find.

"(2) If you find for the plaintiff, you will award him such a sum in damages as will fairly compensate him for any mental and physical suffering which he has endured, or it is reasonably certain he will hereafter endure, and for any doctor's bills incurred in treating his injuries, not to exceed two hundred dollars, and for any permanent impairment of his power to earn money which you may believe from the evidence are the proximate results of his injuries, not exceeding in all, however, the sum of ten thousand dollars ($10,000.00), the amount claimed in the petition."

On motion of the defendant the court gave the following instructions:

"(A). Unless the jury believe from the evidence that the defendants, at the time and place referred to in the evidence, negligently failed to give reasonable notice or warning of the approach of the engine to the public highway crossing known as the Hansbrough Crossing, and to exercise such care to avoid injuring the plaintiff, W. S. Bland, while using said crossing, as ordinarily

prudent persons in the operation of an engine would exercise under circumstances similar to those proven in this case, and by reason of such negligence, said Bland was struck and injured, the law is for the defendant, and the jury should so find.

"(B). It was the duty of the plaintiff, W. S. Bland, in approaching the railroad crossing at Hansbrough Crossing, to use such care as ordinarily prudent persons would exercise under similar circumstances to discover the approach of the train and to keep out of its way.

"(C). Although the jury may believe from the evidence that the defendant was negligent as set out in instruction No. 1, yet, if they further believe from the evidence that the plaintiff was negligent as to his own safety and that said injury would not have occurred but for plaintiff's own contributory negligence, they would find for the defendants.

"(D). The Court instructs the jury that ordinary care is that degree of care which is exercised by ordinarily prudent persons under circumstances similar to those proven in this case, and failure to exercise such care is negligence."

In addition to the foregoing instructions the defendants offered the following instructions, which were refused by the court:

"(G). The court instructs the jury that the plaintiff had no right to rely exclusively upon the employes of the railroad looking out for his safety and giving him notice of danger, but that the plaintiff was required to use ordinary care for his own safety, and if he did rely exclusively upon the employes of the railroad company without using ordinary care for his own safety, that he was guilty of contributory negligence and your verdict must be for the defendant.

"(H). Although the jury may believe from the evidence that the defendant was guilty of negligence as defined in instruction No. 1, yet, nevertheless, if they further believe that the plaintiff failed at the time and place of his alleged injury, to exercise ordinary care and be on the lookout to discover whether or not the train was approaching and that his own negligence so contributed to his alleged injury, the same would not have occurred but for his contributory negligence, they will find for the defendant."

Instruction No. 1 is assailed on the ground that it made the defendants liable if their agents in charge of the engine failed to give reasonable notice or warning of the approach of the engine, and excluded from the consideration of the jury the sufficiency of the warning given by the electric crossing bell. In our opinion, this criticism is more technical than substantial. The instruction imposed the duty of giving reasonable warning of the train's approach, not only upon those in charge of the engine, but upon the defendants themselves. Furthermore, instruction "A," given on the motion of the defendants, plainly provided that "unless the jury believed from the evidence that defendants, at the time and place referred to in the evidence, negligently failed to give reasonable notice or warning of the approach of the engine," etc., the jury should find for the defendants. Hence, if the two instructions be read together, as they should be read, they plainly indicate that the defendants were not to be held liable if either they, or their agents in charge of the engine, failed to give reasonable warning of the train's approach, thus giving the jury the right in determining the sufficiency of the warning to take the electric crossing bell into consideration. Of course, no particular instruction bearing on the electric bell alone should have been given, for it would have been subject to the criticism that it singled out a particular element instead of the warning as a whole.

The instruction on the measure of damages is attacked on the ground that it assumes that plaintiff endured mental and physical suffering and that his power to earn money was impaired. An examination of that instruction, however, will show that the jury were authorized to find such damages in favor of the plaintiff as would compensate him for any mental or physical suffering, or for any impairment of his power to earn money, which the jury might believe from the evidence were the proximate results of his injuries. Clearly the jury was left to determine from the evidence whether the plaintiff had endured, or would endure, any physical or mental suffering, and whether or not he had suffered any impairment of his power to earn money.

In this connection it is also insisted that the instruction on the measure of damages should not have authorized damages for the impairment of plaintiff's earning

power, because the impairment of his earning power was neither pleaded nor proved. It is the settled rule in this state that all it is necessary to allege in an action for damages for personal injury is that the injury is permanent. The reason for the rule is that a permanent impairment of one's power to earn money is merely the test to be applied by the jury to determine the damages to be awarded for a permanent injury. Cumberland Telephone & Telegraph Company v. Overfield, 127 Ky. 548, 106 S. W. 242; L. & N. R. R. Co. v. Grassman, 147 Ky. 623, 144 S. W. 748. Since the petition in this case alleged that plaintiff was permanently injured, it was not necessary to allege that his power to earn money was permanently impaired. It is also the law that where the injury is permanent, failure to show one's earning capacity, or the impairment thereof, is not fatal to a recovery. Cumberland Telephone & Telegraph Company v. Overfield, *supra;* C. & O. Ry. Co. v. Bank's Admr., 153 Ky. 630, 156 S. W. 109.

Another error assigned is the refusal of the court to give instruction "G," above set out. We are unable to perceive how the refusal of this instruction, even if proper under any circumstances, was prejudicial. The jury was plainly told by another instruction that if the plaintiff failed to exercise ordinary care for his own safety, they should find for the defendants. Before the jury could find for the defendants under the offered instruction, they were required to believe, not only that the plaintiff failed to use ordinary care for his own safety, but that he relied exclusively upon the employes of the railroad company, thus relieving the defendants of liability only in the event that the jury believed in the existence of a fact not essential to a finding in defendants' favor.

The point is also made that the court erred in refusing instruction "H" offered by the defendants. This instruction required the plaintiff "to exercise ordinary care and be on the lookout to discover whether or not the train was approaching." This is not the law. The duty imposed on the traveler is to exercise ordinary care to discover the approach of the train and keep out of its way—C. N. O. & T. P. Ry. Co. v. McElroy, 146 Ky. 668, 142 S. W. 1009—and though it is the better practice to present the defense of contributory negligence in one instruction, the duty of the plaintiff to exercise ordinary

care to discover the approach of the train and to keep out of its way, together with the consequences of his failure to do so, is clearly covered by instructions B, C and D, which were given on the motion of defendants. That being true, they cannot complain of the court's refusal to give the offered instruction in the correct form.

Finding in the record no error prejudicial to the substantial rights of the defendants, the judgment is affirmed.