## Coughlin, et al. v. Mark.

(Decided February 6, 1917.)

### Appeal from Mason Circuit Court.

1. Highways—Negligent Operation of Automobile—Fright of Horse—Damages.—In an action for personal injuries resulting from the fright of a horse, alleged to have been caused by the negligent operation of defendants' automobile, it was error to submit to the jury, as a basis for a recovery by plaintiff, acts of negligence on the part of defendants' servant, which are not shown by the evidence to have contributed proximately to causing the accident.

2. Highways—Negligent Operation of Automobile—Fright of Horse—Damages.—Where in such action there is evidence to the effect that the defendants' servant was so negligently operating defendants' automobile that it emitted loud, unusual and unnecessary noises and that the horse drawing the vehicle in which plaintiff was riding was frightened thereby and overturned the vehicle in which plaintiff was riding, the plaintiff is entitled to recover if the jury believe that the fright of the horse was caused by such negligent operation of the automobile.

3. Negligence—Contributory Negligence.—The contributory negligence of the driver of a conveyance in which plaintiff was riding cannot be imputed to plaintiff, the evidence not showing that the

relation of master and servant or principal and agent existed between them or that they were engaged in a joint enterprise.

SLATTERY & REES for appellants.

B. F. GRANNIS and F. H. McCARTNEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment of the Mason Circuit Court awarding to appellee one thousand dollars, against appellants, for injuries alleged to have been received by her, as the result of the negligent operation of an automobile owned by appellants and operated by one of their servants. Appellee, at the time of the accident, was traveling north in a buggy, with Miss Peal Dornin, who owned the horse and buggy and was doing the driving, toward Maysville, on the Maysville and Flemingsburg turnpike, into which they had just turned, from the Mount Gilead pike, which intersects the Maysville and Flemingsburg pike, at right angles, from the east. The Mount Gilead pike declines to the point of intersection, while the Maysville and Flemingsburg pike declines in either direction from the point of intersection, and, on account of embankments near the intersection, it is impossible, for persons approaching the intersection, from either road, to see persons approaching it upon the other. Just as appellee and Miss Dornin turned to the right, off of the Mount Gilead pike, into the Maysville and Flemingsburg pike, Thornton Owens, driving for appellants an automobile owned by them, was coming up grade from Flemingsburg, on the Maysville and Flemingsburg pike, and none of the occupants of either vehicle saw the approach of the other, the buggy turning into the Maysville and Flemingsburg pike, just ahead of the automobile. The horse drawing the buggy became frightened, and, at a point between twenty-five and forty feet from the intersection of the two roads, suddenly turned around to the right, upsetting the buggy and throwing its occupants upon the ground, and running back along the Maysville pike, toward Flemingsburg, a short distance. The driver of the automobile stopped the car, got out and went back to the horse, followed, almost immediately, by Miss Dornin.

The evidence as to where the driver stopped the automobile, with reference to the place of the accident,

is quite conflicting, no two witnesses agreeing; but all agree that it was stopped on the left-hand side of the road, and there is no evidence whatever of a collision. The buggy was on the right-hand side of the road when it was overturned, and the place where the automobile stopped, on the left-hand side of the road, is fixed by the witnesses, all the way from the place just opposite where the buggy overturned, to a place more than one hundred feet in the rear thereof. The horse was being driven in a trot, at a moderate rate of speed, while the witnesses for appellee testify that the automobile was being driven, as it approached the intersection of these roads, at from twenty to thirty miles an hour; but the witnesses for appellants fix its speed at from eight to ten miles an hour. Several of appellee's witnesses stated that the automobile was emitting loud, unusual and unnecessary sounds, similar to the report of a twenty-two rifle, which is denied by the witnesses for appellants. The driver of the automobile admits that he did not sound any warning of his approach, but states that he was not close enough to the buggy, at the time of the accident, to render such signal necessary, while witnesses for appellee state that the automobile was very close to the buggy, one of them testifying that it was right alongside of it, when it stopped.

At the conclusion of all the evidence, appellants entered a motion for a peremptory instruction, which was overruled by the court; and, that this was error, they urge upon us, as a ground for reversal. Since there was evidence to the effect that the automobile was approaching the buggy from the rear, making unusual and unnecessary noises, and since the accident resulted from the fright of the horse, not otherwise accounted for, it is apparent that the court did not err in overruling the motion.

Counsel for appellants, however, argue that, since there is no positive evidence as to just what caused the fright of the horse, this case is within the rule, that if the evidence shows that the injury may have resulted from two or more causes, only one of which was due to defendant's negligence, and the inference that it resulted from one cause is no stronger than the other, the plaintiff has failed to make out his case. This contention is upon the hypothesis that, since the evidence shows that the horse was a gentle one, accustomed to

automobiles, and had never taken fright from them, his fright, upon this occasion, may have resulted from some cause, other than any negligence shown in the operation of the automobile. But this case is clearly distinguishable from such cases, by the fact that the accident, unquestionably, resulted from the fright of the horse, which is accounted for in no way, in the evidence, except by the proximity of the automobile; and if, as testified by some of the witnesses, the automobile was making unusual and unnecessary noises, which sounded like the reports from a rifle, and the horse was not afraid of automobiles, but was frightened by gun shots, as stated, then a very reasonable inference from the evidence is, that the horse's fright was occasioned by the negligent manner in which the automobile was being operated; and whether or not it was being thus negligently operated, at the time, from which the accident proximately resulted, was a question for the jury, and appellants were not entitled to a peremptory instruction.

2. Since there is about as much evidence, that, at the time of the accident, appellants' driver was operating the automobile thus negligently, in close proximity to the buggy in which appellee was riding, as, that he was not so operating it, it results, of course, that appellants' second ground for reversal—that the verdict is flagrantly against the evidence—cannot be allowed.

3. The next ground urged for reversal is, that instruction No. 1, given by the court on behalf of appellee, to which appellants objected and excepted, is erroneous; and this objection, we think, is meritorious. As we have heretofore stated, there is no evidence of a collision, and the accident was, unquestionably, the result of the fright of the horse, and the instructions should have submitted to the jury, as a basis for a recovery by appellee, only such acts of negligence as, upon the proof, could have caused the animal's fright, since, to authorize a recovery by appellee, it was necessary, not only, to prove negligence upon the part of appellants, in the operation of the automobile, but to prove, as well, that such negligence contributed proximately in causing the accident. While the driver of the automobile admitted that he did not give any warning of his approach, even if his failure to do so was, under the circumstances, negligent, there is no evi-

dence whatever that such failure could have, or did contribute, in any way, to causing the accident; nor was there any evidence that the speed at which the automobile was being operated was the cause of the accident, even if excessive, which is extremely doubtful, since the witnesses, for appellee, who testified as to the speed of the automobile, were about five hundred feet down the pike, toward Maysville, directly in front of the approaching vehicle, and not in a position to judge its speed. Counsel for appellee in their brief say:

"Neither is there any semblance of proof that there was anything else for the horse to scare at except the automobile, or that he would or did scare at anything except the gun-fire so closely imitated by the noise made by the automobile."

The automobile stopped, at least without passing the place of the accident, and there is no evidence whatever that there was anything in connection with the speed at which it was approaching, from behind, that could have frightened the animal; and it was, of course, prejudicial error to submit, as a basis for a recovery, even negligent acts of appellants, which were not shown by the evidence to have been the proximate cause of the accident. C., N. O. & T. P. Ry. Co. v. Zachary, 106 S. W. 842; Hummer v. L. & N. R. R. Co., 108 S. W. 885; Conway v. L. & N. R. Co., 135 Ky. 229; Voght's Admr. v. Southern Ry. in Ky., 161 Ky. 365.

The only conduct of appellants' agent, in the operation of the automobile, about which there is proof of negligence from which appellee's injuries could proximately have resulted, is, in operating the engine so as to make unusual and unnecessary noises, and, upon this ground, alone, should a recovery have been authorized. If the jury believed the fright of the horse was caused by such operation of the automobile, an inference justifiable from appellee's evidence, appellee was entitled to recover, but not otherwise; and upon another trial, if the evidence is the same, the instruction should be thus confined, for, to include in the instruction duties of appellants, for the breach of which a recovery is authorized, when there is no evidence to show, *both,* that such duties were negligently performed, and, that such negligence was a proximate cause of the injury, is unauthorized and confusing, and offers an opportunity for a finding upon conditions unsupported by the evidence.

Instruction No. 2, upon the measure of damages, is also objected to by appellants, but there is no merit in the objection; in fact, the evidence warranted the inclusion of loss of earning power as an element of damages, which was excluded.

Appellants offered instructions Nos. 4, 5 and 6, given by the court, and "A", "B" and "C", which were refused; and this refusal is urged as error. It was not error to refuse "A" and "C", since "A" related only to the speed of the car and directed a verdict for appellants, without regard to whether the engine was emitting unnecessary and unusual noises. While "C" presented contributory negligence as a defense, which was not authorized under the circumstances here. Mrs. Mark was the guest of Miss Dornin, who was driving and, even had there been contributory negligence upon the part of Miss Dornin, it could not have been imputed to appellee, Cahill v. Cinti, etc. Ry. Co., 92 Ky. 345; Collins' Exrs. v. Standard Accident Ins. Co., 170 Ky. 27; Louisville Ry. Co. v. McCarthy, 129 Ky. 814; Paducah Traction Co. v. Walker's Admr., 169 Ky. 721, and there is no evidence whatever of negligence, of any kind, upon the part of appellee.

While it was not error to have refused instruction "B" after instructions 3, 4, and 5 had been given at appellants' request, which presented practically the same idea, we think the latter part of instruction "B" more appropriately presents appellants' defense of non-liability for fright of the horse caused by the ordinary operation of the automobile in a prudent manner, than 3, 4 and 5; and upon another trial, the following should be given in lieu thereof:

"If the jury believe, from the evidence, that the automobile in question was not making unusual and unnecessary noises, at the time and place described in the proof, but was being operated in an ordinarily prudent manner, and that, notwithstanding the automobile was being operated in an ordinarily prudent manner, the horse became frightened and upset the buggy in which plaintiff was riding, then the jury will find for defendants."

Wherefore, the judgment is reversed and cause remanded for further proceedings consistent herewith.