## Gregory, et al. v. Republic Coal Company.

(Decided December 3, 1920.)

### Appeal from Harlan Circuit Court.

1. Mines and Minerals—Breach of Contract—Pleading.—Where plaintiffs' rights under a contract with A. to coal from their mines were protected by a clause ·in a later contract between A. and defendant but which did not clearly define their rights, the court did not err in permitting defendant, in a suit by plaintiffs for ·breach of the provision inserted in the later contract for their benefit, to plead the original contract between plaintiffs and A. to show the extent of their rights under the later contract and that defendant had fully complied with' same.

2. Mines and Minerals—Contracts—Damages.—Evidence examined and held that plaintiffs' rights to coal mined by defendant under the ·contract sued on were limited to the 15 acre tract of land owned and operated by A. when it contracted with plaintiffs and later sold to defendant, and that the damages awarded are sufficient to cover the actual pecuniary loss sustained by any breach of the contract.

G. A. EVERSOLE, ROSE & HUFF and J. B. FORRESTER for appellants.

HALL & JONES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The plaintiffs, A. M. and J. M. Gregory, now appellants, instituted this action against D. B. and A. B. Cornett, the Harlan Home Coal Company and the Republic Coal Company to recover damages for breach of contract to furnish them coal at the mine of the defendant, Republic Coal Company.

· The separate demurrers of each of the defendants to the petition were sustained and same dismissed, from which judgment plaintiffs prosecuted an appeal to this court. In an opinion reported in 182 Ky. 524, to which reference is made, that judgment was reversed as to the Republic Coal Company but affirmed as to the other defendants.

Upon a return of the case to the lower court the Republic Coal Company filed answer in three paragraphs. The first paragraph was a traverse of the material allegations of the petition. The second paragraph pleaded that plaintiffs' right to coal from its mines at stipulated prices was confined to coal mined from a fifteen

acre tract of land and that all the coal had been removed from that tract of land and delivered to plaintiffs at the time of the alleged breach and that plaintiffs' contract with it had been fully executed. The third paragraph pleaded a breach of the contract by plaintiffs which by the terms of the contract terminated all their rights thereunder. Plaintiffs' demurrers to the second and third paragraphs of the answer having been overruled, the affirmative allegations thereof were traversed of record.

On trial of the issues thus formed plaintiffs recovered verdict and judgment against the defendant for $750.00, which by this appeal they seek to reverse.

While numerous grounds are assigned for reversal they all depend upon the single question of whether plaintiffs by the contract for breach of which they sue were entitled at stipulated prices to the coal mined by the defendant from a fifteen acre tract of land or to the coal mined from that and another tract of land also owned and operated by the defendant company.

The undisputed facts are these. Prior to December, 1914, the Harlan Home Coal Company owned the coal under the fifteen acre tract of land and was engaged in mining and marketing same. This corporation was capitalized at $10,000.00 and plaintiffs owned one-half of the capital stock, the other half being owned by the Cornetts. Early in December, 1914, plaintiffs sold to the Cornetts all of their stock in the Harlan Home Coal Company for $6,000.00 and the further consideration that the Cornetts would cause to be delivered to them in bins at the tipple of the Harlan Home Coal Company all of the egg coal 2x4 inches at $1.25 per ton and all the block coal at $1.50 per ton that the Gregorys, their heirs and assigns could sell in Harlan town while the mine was being operated by the Harlan Home Coal Company and its assigns.

At that time the Harlan Home Coal Company was engaged in mining and owned only the coal under the fifteen acre tract of land. After the execution of this contract the Harlan Home Coal Company sold its business, including the lease upon the fifteen acre tract of land and all of its personal property to the defendant, Republic Coal Company, by written contract. A. B. Cornett joined in that contract for the sole purpose, as stated in the contract, of conveying to the Republic Coal Company a lease upon twenty acres owned by him individually which adjoined the fifteen acre tract owned by the Harlan

Home Coal Company. The fifteenth clause of that contract reads:

"It is agreed between the parties hereto that A. M. and J. M. Gregory shall have the exclusive privileges of handling and delivering in Harlan, Kentucky, for the local domestic trade all the 2x4 egg coal at $1.25 per ton and lump coal at $1.50 per ton loaded by the lessee or its assigns in its local bins that said A. M. & J. M. Gregory or their assigns, can dispose of at said place. Provided that said Gregories use due diligence in disposing of said coal, and in case they do not use due diligence then lessee may terminate such selling arrangement and take charge of the said local trade."

About the first of April, 1916, defendant, Republic Coal Company notified plaintiffs that all the coal had been removed from the fifteen acre tract acquired by it from the Harlan Home Coal Company and that its obligations to plaintiffs were therefore fully executed, and that it would not furnish them any more coal at the contract prices.

It is upon defendant's subsequent refusal to deliver them coal under the above quoted clause that plaintiffs rely as a breach of the contract.

They were not parties to the contract and have no interest whatever therein except in so far as their rights under their prior contract with the Cornetts, to which the defendant was not a party, are protected thereby. Except as disclosed by this clause of the contract, which does not indicate in any way the land from which the coal they were to obtain was to be mined, their rights are not defined. It is therefore clear the court did not err in overruling their demurrer to the second paragraph of the answer which pleaded the facts with reference to their contract with Cornetts to show that they were entitled thereunder only to coal mined from the fifteen acre tract.

It was proven by defendant and admitted by plaintiffs that when they sold their stock in the Harlan Home Coal Company to the Cornetts and as part consideration therefor acquired the right to all of the coal mined by that company which they could sell locally, that company owned and was operating only the fifteen acre tract of land and only the coal to be mined from same was in contemplation of the parties, hence the contract between plaintiffs and the Cornetts and the later contract between the Harlan Home Coal Company and defendant neither

covered nor were intended to cover in so far as plaintiffs are concerned coal that defendant might mine from lands otherwise acquired by it in which neither plaintiffs nor the Harlan Coal Company ever had any interest whatever.

To our minds the evidence upon this question is conclusive and without contradiction and such as authorized the trial court to decide same for defendant as a matter of law, but the court submitted it to the jury and plaintiffs certainly have no reason for complaint that the jury decided it as a question of fact against them.

Plaintiffs also complain of the size of the verdict, but upon the evidence it was at least a question for the jury whether or not all of the merchantable coal had been taken from the fifteen acre tract and whether therefore they were entitled to any damages whatever; and besides if there was a breach of the contract the damages awarded in our judgment are at least equal to if not in excess of the actual pecuniary injury sustained by plaintiffs, under which view of the evidence section 341 of the Code forbids a new trial. Plaintiffs' contention that the verdict does not cover actual pecuniary losses sustained by reason of the alleged breach of contract is based upon the idea and could be sustained only if they were entitled under the contract to sell locally the coal mined by the defendant from the twenty acre tract as well as the fifteen acre tract, since they admit and their witnesses as well as defendants testify there was but little if any merchantable coal under the fifteen acre tract.

Wherefore the judgment is affirmed.