## Trimble v. DeBord.

(Decided December 21, 1928.)

HAGER, PRICHARD & MALIN and CHAS. PRATER' for appellant.

S. S. WILLIS, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant brought this suit against the appellee on a promissory note in the principal sum of $1,000, executed by the appellee and made payable to the order of C. Hampton one year after its date of September 1, 1926, and indorsed and delivered by the payee thereof to the appellant. The defense was that the note had been delivered by the appellee to C. Hampton conditionally and on the understanding that if the conditions failed the note was to be of no effect and was to be returned to the appellee, and that the appellant took the note from Hampton with notice of such conditions, and that they had failed, and that the note was void at the time of its negotiation to him. To offset this defense, the appellant pleaded that he was a bona fide holder in due course of the note and had taken it without notice of the defect claimed by the appellee. On the trial there was evidence both pro and con on the questions whether the note had been delivered conditionally as claimed by the appellee or not, whether such conditions had failed or not, and whether the appellant took the note with notice of any such defects or not. The court submitted these issues to the jury in two instructions which, in substance, told the jury to find for the appellant if he did not know at the time the note was negotiated to him that it had been delivered by the appellee to the payee conditionally, and that the conditions had failed, otherwise to find for the appellee. There were two other instructions given, but they are not material to the question involved on this appeal. The jury found for the appellee, and, from the judgment entered in accordance with their verdict, this appeal is prosecuted.

For reversal, the appellant contends that the instructions above mentioned were erroneous in that they submitted only the issue of notice and assumed as a matter of fact that the appellee was correct in his contention that the note was delivered to the payee conditionally,

and that the conditions had failed. In this appellant is correct.

Appellee insists, however, that if the appellant wished any instruction on the issue whether the note had been delivered conditionally and the conditions had failed or not, he should have submitted such an instruction, and as he did not he cannot now complain. Appellee's insistence would be correct but for the fact that the instruction as given assumed as concluded one of the contested issues in the case. The appellant has a right to complain of an instruction as given if it is erroneous. It is only where the instruction given is correct so far as it goes, that a party may not complain that it does not go far enough if he has not offered an instruction covering the omitted portion; but, where he objects to an instruction as given, and the instruction as given is erroneous, he may then complain of it, although he did not himself offer a correct instruction. Kroger Grocery & Baking Co. v. Hamlin, 193 Ky. 116, 235 S. W. 4; C. & O. R. Co. v. Dwyer's Adm'r, 157 Ky. 590, 163 S. W. 752; Hatfield v. Payne, Agent, 195 Ky. 310, 242 S. W. 32.

The issue whether the note had been conditionally delivered, and the conditions had failed or not, was a contested one in this case, and the court erred in assuming that the note was delivered conditionally and the conditions had failed. The instructions should have embodied both issues.

The judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.