## Prichard v. Collins.

(Decided March 22, 1929.)

636

JOHN M. THEOBALD for appellant.

BEN F. THOMPSON for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing.

On Sunday morning, August 21, 1927, the appellee, H. C. Collins, and a party of young people on their way to a picnic, were riding in a Ford truck on the Midland trail not far from Olive Hill, in Carter county. The appellant, Wade Prichard, in a Chevrolet car, drove up

behind the truck and passed it. At the time there was approaching him another automobile. It appears that the wheel or hub of Prichard's automobile struck the rear and the front wheel hubs of the truck, but not with much force. Evidence introduced by appellee was to the effect that the striking of the wheels on the truck caused it to swerve and run off a culvert and overturn. He was riding on the seat with the driver and had his foot mashed, for which injury he recovered judgment for $300 against Prichard.

Prichard testified that he felt something strike his fender, and expressed the opinion that the hub of the front wheel of the truck was driven under the fender of his machine. It is undisputed that the truck was being driven very close to the right-hand edge of the highway, and that there was plenty of room on the left for the defendant's car to have passed in perfect safety. The facts of this case are very similar to those in Moore v. Hart, 171 Ky. 725, 188 S. W. 861. An appeal will be granted and the case reversed because of an erroneous instruction.

Instruction No. 1 is erroneous in several particulars. In addition to enumerating the statutory duties of the defendant upon undertaking to pass the truck on which the plaintiff was riding, the jury should have been advised that it was also the duty of the defendant to exercise ordinary care for the safety of the occupants of the truck. Precautions prescribed by statute do not relieve one from his common-law duty to observe ordinary care to avoid injury to others. Moore v. Hart, supra. There should also have been incorporated in the instruction, after the enumeration of the duties of the defendant, as above indicated, this phrase: "And if you shall believe from the evidence that the defendant failed to exercise any of such duties, and by reason thereof his car collided or struck the car in which plaintiff was riding, and thereby caused the injuries complained of, then you will find for the plaintiff. Unless you shall so believe you will find for the defendant." As given the instruction does not provide that the jury must have believed that the failure of the defendant to observe any duty imposed upon him caused the collision or injury.

Reference in the instruction to the correlative duties of the driver of the truck in which plaintiff was riding should be omitted altogether, because his negligence, if any, cannot be imputed to the plaintiff. For this reason

.instruction No. 2, respecting contributory negligence on the part of the plaintiff, should also be omitted. Veach's Adm'r v. L & N. R. R. Company, 190 Ky. 678, 228 S. W. 35; L. & N. R. Co. v. Scott's Adm'r, 184 Ky. 319, 211 S. W. 747; Collins' Executors v. Standard Accident Insurance Co., 170 Ky. 27, 185, S. W. 112, Ann. Cas. 1917D, 59; Ray v. Ray, 196 Ky. 579, 245 S. W. 287; Coughlin v. Mark, 173 Ky. 728, 191 S. W. 503.

The foregoing errors were, of course, favorable to appellant, but since there will be another trial we have deemed it well to call attention to them. The case is reversed because the jury was instructed that, if they should find for the plaintiff, they should award him "such reasonable sum in damages as you may believe that plaintiff has sustained by reason of the injury complained of not to exceed the amount claimed in the petition, which is $500.00."

This form of submitting the measure of damages to the jury has been condemned time and again, because it does not fix the basis by which the damages are to be measured. The measure of damages when it is sought to recover only for pain and suffering, as in the instant case, is such sum as will reasonably compensate the plaintiff for the mental and physical pain and suffering that he has endured, and it is reasonably certain he will in the future endure, if any, by reason of the negligent and wrongful acts of the appellant. C. & O. Ry. Co. v. Crank, 128 Ky. 329, 108 S. W. 276, 32 Ky. Law Rep. 1202, 16 L. R. A. (N. S.) 197; L. & E. R. Co. v. Crawford, 155 Ky. 723, 160 S. W. 267; L. & N. R. R. Co. v. Logsdon, 114 Ky. 752, 71 S. W. 905, 24 Ky. Law Rep. 1566; Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768.

Appellee contends that since the appellant did not offer an instruction on the measure of damages, his complaint should not now be heard. His counsel excepted to the instruction given and twice moved the court to instruct the jury on the measure of damages, which motion was overruled, presumably on the idea that such an instruction had been given. Having attempted to give the instruction, the court should have given a correct one, and, since the appellant excepted to that given and incorporated it as a ground in his motion for a new trial, he may take advantage of the error on the appeal. L. & N. v. Stephens, 188 Ky. 1, 220 S. W. 746; Dana Lumber Co. v. Sullivan, 170 Ky. 443, 186 S. W. 159; Trimble* v. DeBord, 227 Ky. 203, 12 S. W. (2d) 287.

It is true that there is no allegation of pain and suffering or prayer for compensation therefor, but just a general prayer for damages in the sum of $500 and cost. This court has held where a substantial injury has been sustained, pain and suffering will be presumed, although there is no specific proof. Nolan's Adm'r v. Standard Sanitary Mfg. Co., 111 S. W. 290, 33 Ky. Law Rep. 745.

Coming now to consider the evidence: For the reasons given in Moore v. Hart, supra, all evidence with reference to the failure of the driver of the truck to be licensed, and of the owner of the truck to have it registered in Kentucky, will be omitted. Those matters are wholly immaterial. In the absence of a special plea of lost time and earnings, the evidence respecting such element of damage will likewise be omitted. Of course, if appellant should amend his petition in this respect, the evidence would be competent, and it should be included in the instruction on the measure of damages.

Other points made in brief are not of sufficient merit to justify discussion.

An appeal is granted, and the judgment is reversed.