## Smith v. Butcher.

(Decided March 5, 1935.)

M. C. REDWINE for appellant.

W. E. MOBLEY and A. J. MAY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On Sunday morning in November, 1931, Leonard Smith came up the creek from his home in Elliott county to the house of John Butcher where his son, Ike, and his son-in-law, Beauregard May, and his wife also lived. According to Smith, Mrs. May had lost her dog. Ike owned an automobile, and his sister suggested that Smith drive it and that they go and find the dog. After demurring a little on account of the roads being slippery, Ike gave Smith the keys to his machine and told him to get it out and drive it. They got in the car, and Ike invited May to go along, and he got in the back seat. They stopped at a neighbor's home and made inquiry about the dog, and then went

on to the schoolhouse where a ball game was being played. Ike said he would go over there and maybe he would hear something about the dog. Because the battery was low, making starting of the motor difficult, Smith left the engine running, and, of course, put the machine out of gear. He moved over to the right on the front seat and was sitting there with his feet hanging out of the door watching the game when May came around and got under the wheel of the car. It suddenly started up the road and toward the bank on the left side; then May jerked it around and it crossed to the right side and went over a bluff or embankment. The machine turned completely over, and in doing so Smith's back was broken and he was otherwise so injured as to become a helpless cripple.

Smith sued both Ike Butcher and Beauregard May for damages. Upon the conclusion of plaintiff's evidence a peremptory instruction was given as to Butcher. The trial proceeded as to May's liability, and a verdict for $400 was rendered against him. May does not appeal, and we are concerned only with the propriety of the directed verdict for Butcher. It may be said, however, as a matter of interest, that the defendant's evidence presented an entirely different state of case. It is to the effect that Smith, who Ike calls a "car leech," insisted that he was going to take the automobile and go riding and that he forcibly got possession of the car keys and proceeded to go over the vigorous protest of Ike. There was nothing ever said about hunting for a dog. May, who could not drive an automobile, testified that after Ike had gone over to the ball game Smith insisted upon teaching him how to drive, and that after cranking the car he put him under the wheel and started the machine. He further testified that it was Smith who jerked the car around and over the bank.

The appellant would place liability upon Butcher upon the ground that the trip was his venture and on his business; that he had engaged Smith to drive the car for him and invited May to be his guest; that it was Butcher's duty to take every precaution before he left the car to see that Smith was not harmed; that he knew the motor was left running and that May did not know how to drive; that the plaintiff was a young man, and, since he was subject to Butcher's orders, he had no authority to tell his brother-in-law, May, to let the

machine alone; that Butcher should have instructed May to let the car alone; and finally that May was undertaking to turn the car around and was thereby promoting Butcher's business under his implied consent. We cannot follow the argument. Butcher secured Smith to drive his automobile on that occasion and left it in his charge. It was Smith's own neglect that resulted in May undertaking to run the machine.

Appellant relies upon Thixton v. Palmer, 210 Ky. 838, 276 S. W. 971, and Marsee v. Bates, 235 Ky. 60, 29 S. W. (2d) 632. In the Thixton Case, a mother had intrusted her automobile to her son for a ride. He permitted a friend to drive it, and through his negligence another was injured. The mother was held liable upon the ground that the son as her agent in control of the machine was responsible for the negligence of his friend whom he permitted to drive it. In the Marsee Case, a wife came to drive her husband home from work, and while doing so, with him by her side, an accident occurred which was charged to her negligence. It was held that he was responsible for her acts. We perceive no applicability of either case to the facts before us. Indeed, we can conceive of no case that would authorize the holding of Butcher to be liable for this unfortuate accident under the evidence related by the plaintiff.

There is no merit in the claim that a new trial should have been granted on the ground of newly discovered evidence. It was to the effect that the plaintiff had learned that Butcher's automobile· was not licensed. That had no relation to the matter of negligence, and it has been several times held to be immaterial to such an issue. Moore v. Hart, 171 Ky. 725, 188 S. W. 861; Prichard v. Collins, 228 Ky. 635, 15 S. W. (2d) 497; Marsee v. Bates, supra.

The judgment is affirmed.