Merle H. MIDDLETON, Appellant,

v.

Florence H. JONES, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1955.

J. B. Johnson, Harlan, for appellant.

J. K. Beasley, Harlan, for appellee.

WADDILL, Commissioner.

This suit arose out of an automobile accident which occurred in the business district of Harlan during the afternoon of July 5, 1953. A car in which the appellant, Merle Middleton, was sitting was struck from the rear by an automobile driven by appellee, Mrs. Florence Jones. Middleton sued Mrs. Jones to recover damages for personal injuries allegedly sustained as a result of the accident. The trial resulted in a verdict and judgment for Mrs. Jones. Middleton has appealed urging that the court erred in instructing the jury.

There is a dispute as to how the accident occurred. In substance, the evidence introduced in behalf of the appellant reflects that shortly after appellant had entered the automobile of J. C. Brown, which was parked near the curb on Cumberland Avenue, a car operated by appellee struck the Brown car from the rear. However, the proof presented for appellee was to the effect that J. C. Brown, suddenly and without warning, stopped his car on Cumberland Avenue, thereby causing the automobile being driven by appellee, which was following the Brown car, to run into the rear end of Brown's automobile. Thus it is clear that appellant's contention that he was entitled to a directed verdict is without merit.

Instruction No. 2 is erroneous and prejudicial because it wrongfully authorized the jury to return a verdict for appellee in the event the jury found that Brown was guilty of contributory negligence. The evidence was wholly insufficient to establish that Brown was acting as an agent or servant of the appellant on the occasion in question. Hence, the principle of imputed negligence was erroneously applied to the facts presented in this case. Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497. In the event of retrial of the case, the reference in the instruction to the duties of Brown should be omitted, because Brown's negligence, if any, cannot be imputed to the appellant. For this reason instruction No. 4, respecting the contributory negligence on the part of the plaintiff, should also be omitted. Prichard v. Collins, 228 Ky. 635, 15 S.W.2d 497; Veach's Adm'rs v. Louisville & I. R. Co., 190 Ky. 678, 228 S.W. 35; Coughlin v. Mark, 173 Ky. 728, 191 S.W. 503. However, appellee is entitled to an appropriate instruction authorizing the jury to find for her in the event the jury finds that Brown's negligence was the sole cause of the accident.

Appellant also contends that instruction No. 3 is erroneous because it does not fix the proper basis by which the damages are to be measured. We think the criticism made of this instruction is entirely eliminated when it is read in conjunction with instruction No. 5. Therefore we conclude that when these two instructions are read and considered together they correctly submit the damage question to the jury.

Judgment reversed for proceedings consistent with this opinion.

HOGG, J., not sitting.