## Reynolds v. Evans et al.

(Decided May 27, 1932.)

HENRY L. SPENCER for appellant.

O. H. POLLARD and HUNTER M. SHUMATE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

In the case reported as Mowbray & Robinson Lumber Co. v. Reynolds, 230 Ky. 201, 18 S. W. (2d) 966, the present appellant and others recovered from the

present appellee Mowbray & Robinson Lumber Company a judgment for $800, which was affirmed by this court. After the mandate of this court had been filed in the lower court, an execution was issued to enforce the judgment affirmed. Thereupon a suit was brought by the lumber company under section 518 of the Civil Code of Practice, in which it sought to set aside the judgment which had been affirmed by this court on the ground that it had been procured by fraud. As part of the relief sought in that action, an injunction was asked enjoining pendente lite and on final hearing the enforcement of the execution which had been issued. A temporary injunction was denied by the trial court and likewise by Judge Thomas of this court, to whom application for such injunction was made after it had been denied by the trial court. So far as the present record discloses, no further steps have been taken in the action brought to set aside the judgment affirmed by this court. After the temporary injunction had been refused as above set forth, this suit was brought by the present appellant, M. F. Reynolds, who was one of the defendants in the suit brought under section 518 of the Code to set aside the judgment affirmed. The corporate defendant (now appellee) in the present suit was the plaintiff in the suit brought under section 518 of the Code, and its codefendant, E. E. Evans (now coappellee), as the agent of the present corporate defendant, was the one who, as such agent, verified the petition in that suit brought under section 518 of the Civil Code of Practice. The present suit is one for libel grounded on the claim that in the petition in the suit brought under section 518 of the Civil Code of Practice it was stated in substance that the judgment affirmed by this court, and which the suit under section 518 of the Civil Code of Practice sought to have set aside, had been procured because of perjured testimony given by the appellant and others in the suit in which the judgment sought to be set aside had been procured. A demurrer having been sustained to the petition as amended, the petition as amended was dismissed, and from that judgment this appeal is prosecuted.

The applicable law as agreed to by the parties on both sides in the instant case may be found in the case of Lisanby v. Illinois Central R. Co. et al., 209 Ky. 325, 272 S. W. 753, 754, in these words:

"Although the English rule is somewhat broader, the American rule, which is the rule in this

state, is firmly established that statements in pleadings filed in judicial proceedings, if material, relevant, or pertinent to the issues involved, are absolutely privileged, though it is claimed that they are false and alleged with malice.''

The petition in which it is claimed that the alleged libelous statements, for which the appellant seeks recovery in the instant action, appear, was filed pursuant to section 518 of the Civil Code of Practice. Among other things, that section provides that one may obtain a new trial in a civil action because of fraud practiced by the successful party. Of course, if a judgment were obtained through the perjured testimony of the successful party, clearly if that could be established, it would be such a fraud as would warrant the granting of a new trial under the express provisions of section 518 of the Civil Code of Practice. Cf. Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728. Hence it follows that, in the suit filed pursuant to section 518 of the Civil Code of Practice, and based on the alleged fraud of the successful party in the obtention of the judgment which had been affirmed by this court, the allegation as to what the fraud consisted of, i. e., the alleged perjured testimony of the successful party, was certainly material, relevant, and pertinent to the issue of fraud involved in that litigation. Appellant argues, however, that, inasmuch as it had been determined in the suit wherein the judgment affirmed by this court had been recovered that the successful parties were entitled to that judgment, the issue of the verity of their testimony was forever thereafter res adjudicata as between the parties, and hence the issue raised as to such verity in the suit brought under section 518 of the Civil Code of Practice was a frivolous issue, and therefore the allegations to support it were not material, relevant, or pertinent. The fallacy in this contention, of course, lies in the fact that the Code itself authorizes the opening up of a judgment obtained because of fraud on the part of the successful party and so the inquiry into whether or not fraud had been practiced in the original suit. This result as applied to this case authorized the inquiry as to whether appellant and his coplaintiffs in the original suit had given any perjured testimony or not. Neither is the fact that the plaintiff in the suit under section 518 of the Civil Code of Practice, after its lack of success in obtaining a temporary injunction to

enjoin the further proceedings under the execution, has not been diligent in prosecuting its action to obtain a new trial material. As stated in the Lisanby case, allegations in pleadings, if material, relevant, or pertinent to the issues involved, are absolutely privileged, although it is claimed they are false and alleged with malice. Hence, even though the appellant and his codefendants in the suit brought under section 518 of the Code be successful in defending that suit, and establish that they had not committed any fraud in the obtention of the judgment sought to be set aside, still he could not maintain this action for libel because of statements in the pleadings in the suit under section 518 of the Civil Code of Practice which the plaintiffs in that action may not be able to sustain. Newell, Slander and Libel (4th Ed.), p. 407 et seq., 36 C. J. 1253 et seq. This being true, mere delay in pushing the suit under section 518 of the Civil Code of Practice does not destroy the absolute privilege of appellees as to statements made by them in the pleadings in that action.

The judgment of the lower court being in accord with these views, it is affirmed.