## Norheimer v. Keiper.

(Decided June 22, 1934.)

DUDLEY L. CLARKE and RAYMOND C. ARNY for appellant.
DAVID R. CASTLEMAN for appellee.

·OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant is asking us to award him a new trial of an action No. 159506; such relief having been denied him by the trial court.

About September 1, 1922, William Keiper and his nephew August Norheimer, formed a partnership for the purpose of erecting dwelling houses which they expected after completion to sell at a profit.

By the terms of their agreement, Norheimer was to give his active attention to the erection of these houses and Keiper was to furnish the money needed to pay for the lots, the material used, and the labor costs, including as an item of labor costs a weekly salary to Norheimer. When the houses so erected were sold, it was their agreement that Keiper should receive from the sale all money he had expended and the profits should be divided, as they say, "fifty-fifty."

They began their operations in a part of Louisville known as Strathmoor. They built four houses, one of which they sold for $12,000, and, as the demand for dwellings had slowed down, they suspended their operations and rented out the other three. Keiper got the $12,000 from the house they sold and the rent from the ones that were rented.

## Suit 159506.

The demand for dwelling houses continued weak, Norheimer became impatient, and on April 26, 1926, he sued Keiper for an accounting and for a settlement of the partnership, and on June 27, 1927, that resulted in a finding that Keiper had put into the joint enterprise $25,041.20 more than he had got from it and a judgment

was entered that he should get that sum before there was any division. Matters ran along until the action now before us was filed.

## Suit 219420.

On June 2, 1932, Norheimer filed a petition in equity, in which he sought a new trial for the reason that, so Norheimer alleged, the judgment of June 27, 1927, had been obtained by fraud. He lists more than 100 items which were allowed Keiper by that judgment, some of which, Norheimer alleges, were wholly false, and the others were partially so, such partial falsity resulting from Keiper having listed and been allowed for items at figures in excess of the true sums he had expended, and that, by this insertion of items wholly false and the fraudulent stuffing of items that were partially true, it was made to appear that Keiper was entitled to get from these houses before a division $9,085.84 more than he was, according to Norheimer, entitled to get. A demurrer was sustained to his petition, and he amended and set out similar and additional charges of $1,164.40. The demurrer was renewed and again sustained, and Norheimer filed a second amendment in which he alleged that the books and accounts kept by Keiper and used in evidence before the commissioner in suit 159506 were at all times in the possession of Keiper and the plaintiff never had access to them at any time, and that when they were made exhibits and offered in evidence plaintiff then discovered certain irregularities therein to which he called the attention of the commissioner, and that after the judgment was entered the plaintiff attempted to find said exhibits and they had disappeared from the hands of the commissioner and plaintiff has been unable to locate them, and that Keiper swore falsely in giving his testimony relative to the expenditures he had made. The demurrer was sustained to this, and Norheimer tendered a third amendment in which he renewed his allegations formerly made, charged Keiper with perjury in obtaining his judgment, and that the plaintiff did not discover and could not with due diligence have discovered the fraud and perjury in time to have availed himself of it as a defense in action 159506. He was not allowed to file this third amendment, and, declining to plead further, his petition was dismissed, and he has appealed.

## Perjury as Basis for a New Trial.

This is a subject upon which courts are by no means

agreed, as will be seen by reference to 15 R. C. L. p. 768 et seq., secs. 221, 222, and 223, and 34 C. J. p. 475, sec. 744, and, if we had to take a position, we might align ourselves with those courts listed in 34 C. J. 475, under footnote 4.

If we were forced to take a position, we would at least require this much: If a judgment is obtained by perjury, the unsuccessful litigant subsequently to obtain a new trial must offer to show and must clearly and convincingly show (a) that such evidence was false; (b) that the result was produced thereby; (c) that the successful party participated therein; (d) that its nonexposure then was not due to negligence of the unsuccessful party; (e) that ordinary diligence would not have anticipated it; (f) that diligence was exercised to expose it then; (g) that he can expose it now; and (h) that the means by which it is proposed to expose it now were not available to him then. Surely Norheimer would not be entitled to more.

### Why Norheimer Must Fail.

Keiper testified in case 159506 on December 15, 1926. He filed his book with the commissioner as "Keiper's Exhibit No. 1." Norheimer does not say this book disappeared until after the judgment was rendered June 27, 1927. Thus he had six months and twelve days to inquire into its correctness, and he offers no excuse for his failure to do so.

Now he charges Keiper gave perjured testimony, but he does not show that the means by which he proposes to expose that alleged perjury now were not to him available for its exposure then. The court did not err in dismissing the petition.

Judgment affirmed.