## Webb et al. v. Niceley et al.

May 20, 1941.

Fritz Krueger and E. R. Denney for appellants.

C. R. Luker and B. J. Bethurum for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

The appellants, R. G. Webb and Sam Spivey, instituted this action against W. G. Niceley and H. J. Niceley, in the Rockcastle circuit court under authority of Section 518, Subsection 4, of the Civil Code of Practice, seeking to set aside a judgment in favor of appellees against appellants rendered in action No. 8700, late pending on the equity docket of said court, and alleging that the judgment was procured by fraud and perjury on the part of appellees. The lower court entered judgment dismissing appellants' petition, hence this appeal.

In action No. 8700 appellees were successful in recovering from appellants possession of certain minerals in lands located in Rockcastle county, Kentucky, from which coal had been mined by appellants since the year 1925. In said action both appellees swore that they were, and continuously since January 1923 had been the owners of the fee simple title to said land and entitled to the immediate possession of same and the minerals therein.

After rendition of the judgment in that action certain judgment creditors of the Niceleys caused execution to be levied on the mineral rights recovered in said case. Before any sale was made under the execution, the Niceleys filed their petition in bankruptcy in the United State Court for the Eastern District of Kentucky but failed to list in their schedule the property of which they had been adjudged in action No. 8700 to be the owners. In an effort to ascertain the true ownership of said property the creditors took appellees' depositions before F. R. Whalin, referee in bankruptcy, on February 17, 1938. In that inquiry both appellees testified that they were not the owners of said property but that appellee, W. G. Niceley, had sold the mineral rights to his daughter, Minnie Moore (sister of H. F. Niceley), in the

year 1932; that continuously since that time she had been the owner of said mineral rights; and that at the time they testified in action No. 8700 they had forgotten about having deeded the property to her.

Thirteen days after the testimony was given in the bankruptcy proceeding, appellants instituted this action in the Rockcastle circuit court. Before any evidence was taken in this case, it appears that appellees and Minnie Moore became involved in litigation concerning their respective rights to the minerals. Appellees testified in that case that Minnie Moore was not the owner of said mineral rights, and never had been, but that William Lewis Niceley, the grandson of W. G. Niceley, and son of H. F. Niceley, was, and continuously since the year 1927 had been, the owner of said minerals by reason of a deed executed and delivered to him by his grandfather when the grandson was 7 years of age and in consideration of which W. G. Niceley received a pair of mules.

In the case now on appeal W. G. Niceley testified that he had never delivered a deed for the property to his daughter and she had never paid him for it, therefore the property had never belonged to Minnie Moore; and in answer to the following question made the following answer: Q. "Then you never did sell Minnie Moore any property on the north side of Rockcastle river?" A. "I never had a trade with her any more than I have with you." He further testified in this case that the land and coal rights which he desired to recover from Sam Spivey and Dr. Webb were the same land and coal rights that he deeded to his grandson, William Lewis Niceley, in 1927. The following questions were asked and answered:

"Q. Mr. Niceley why was it that you brought this action against Dr. Webb and Sam Spivey to recover possession of the mineral rights to this land when it belonged to William Lewis Niceley? A. Because he was my grandson. I had raised him and he was still with me all the time and it was coming to the famliy.

"Q. Did it because he was your grandson and in the family? A. Yes, sir."

On the same day H. F. Niceley testified that neither Minnie Moore nor William Lewis Niceley owned the

property but that he (H. F. Niceley) was the owner thereof. Both W. G. Niceley and H. F. Niceley admitted that they had testified in the previous actions as recited above. The former attempted to excuse himself and to reconcile the testimony given by him on the three former occasions, but his excuse is weak and unpersuasive. That he should forget having engaged in a transaction with a 7-year old boy wherein he executed a deed to the boy for a large boundary of land in exchange for a pair of mules, one of which he still owns, is inconceivable.

Appellees argue that appellants cannot maintain this action (1) because the deed from the Niceleys to Minnie Moore was of record at the time of the trial of action No. 8700; (2) that it must be shown that there is newly discovered evidence which could not have been previously discovered by the exercise of ordinary diligence. However these arguments are not available. This is not a suit to determine the rights of parties in respect to the ownership of land or minerals; hence it is not material that appellants introduce evidence on the question of title. That question will be determined upon a new trial between the proper parties in action No. 8700 upon the issues made in that case. Nor is this an action for a new trial on the ground of newly discovered evidence, which relief is provided for in Subsection 1 of Section 518 of the Civil Code of Practice. It is an action under Section 518, Subsection 4, to set aside a judgment heretofore entered in a suit between the same parties. Having been instituted solely for the purpose of having the judgment in action No. 8700 set aside, because procured by fraud, appellants are required to show no evidence other than it was so procured. Reynolds v. Evans, 244 Ky. 267, 50 S. W. (2d) 549; Civil Code of Practice, Section 518, Subsection 4.

This record is replete with evidence of perjury on the part of both appellees and it would be a waste of time to discuss it further except to say that insofar as this action is concerned, appellees' admission that they swore falsely is conclusive of the only question involved and the trial court erred in adjudging otherwise.

Wherefore the judgment of the lower court is reversed with directions to enter judgment setting aside the judgment heretofore entered in action No. 8700 on the equity docket of the Rockcastle circuit court and to grant a new trial in that action. It is further directed

that an order be entered in said action requiring Minnie Moore, W. L. Niceley, appellees' trustee in bankruptcy, and all other parties claiming an interest in the land or minerals involved in said action to be made parties thereto and for further proceedings not inconsistent with this opinion.