## Richardson v. Louisville & N. R. Co.

May 5, 1942.

S. F. Bowman, Stanley Powell and J. J. Felton for appellant.

Edward R. Denney, H. T. Lively and C. S. Landrum for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Albert Richardson brought an action against the Louisville & Nashville Railroad Company to recover damages in the amount of $26,587.45 for personal in-

juries, medical bills, and damages to his truck which he alleged resulted from a collision between the truck and one of defendant's trains on a public crossing on September 28, 1938. The case was tried April 24, 1940, and the jury returned a verdict for the defendant. On April 27, 1940, the plaintiff filed his motion and grounds for a new trial in which he relied upon a number of grounds, including misconduct of the jury, undisclosed relationship of two jurors to employees of the defendant, and the fact that J. T. Meadows, one of the jury commissioners, was an employee of the defendant and, at the time the jurors for the April term, 1940, of the Rockcastle circuit court were selected, knew that the case was coming up and was due to be tried at that term and that he would be called as a witness in the case. The motion for a new trial was overruled, and the plaintiff was given until the seventh day of the August term, 1940, in which to prepare and tender his bill of exceptions. The plaintiff did not file his bill of exceptions, but on June 14, 1940, filed a petition in equity in the Rockcastle circuit court against the Louisville & Nashville Railroad Company in which he sought to have the judgment entered in the ordinary action vacated and set aside. He alleged in his petition that after the judgment had been entered and after the April term of the Rockcastle circuit court had closed, he discovered that the jury selected to try the case had not been selected from the assessment rolls of Rockcastle county, but had been selected from people whom the jury commissioners personally knew and from the registration list, and that the names of the jurors were not placed in the jury drum or wheel. He further alleged that he could not have discovered the unlawful methods employed by the jury commissioners by the exercise of reasonable diligence; that a large number of jurors selected by the jury commissioners had not then any assessable property in Rockcastle county, and their names did not appear on the assessment rolls of the county. He also alleged that James Meadows, one of the jury commissioners, knew that plaintiff's suit against the railroad company was pending in the Rockcastle circuit court and would be tried at the April term, 1940, and that Meadows had been an employee of the railroad company for more than thirty years. A demurrer to the petition in equity was sustained, and, from the judgment dismissing his petition, the plaintiff has appealed.

The affidavit of Hunt Perry, one of the jury commissioners appointed by the Rockcastle circuit court at its January term, 1940, was filed with the petition. It appears from this affidavit that the jury commissioners failed to comply with section 2241 of the Kentucky Statutes which provides that they shall take the last returned assessor's book for the county and from it shall carefully select from the intelligent, sober, discreet, and impartial citizens, resident housekeepers in different portions of the county, over 21 years of age, the number of names of such persons thereafter specified, the number to be determined by the population of the county. In counties having a population of more than 10,000 and not exceeding 20,000, the jury commissioners are required to select not less than 162 nor more than 300 names. Rockcastle is in that population group. Each name must be written on a small slip of paper, and each slip enclosed in a small case made of paper or other material and deposited, unsealed, in the jury wheel. When the required number of slips have been deposited in the wheel, the jury commissioners shall draw therefrom a sufficient number of names to procure 24 persons qualified to act as grand jurors and record the names on paper. The list shall be certified, signed, and enclosed by the jury commissioners in an envelope, and it shall be sealed and their names written across the seal. After completing the list of grand jurors, a list of petit jurors shall be prepared in the same manner, and from this list the next petit jury for the county shall be selected and impaneled. It is alleged in the petition and stated in Hunt Perry's affidavit that the jury commissioners appointed by the Rockcastle circuit court at its January term, 1940, first placed the names of persons to serve as grand jurors at the next term of court in an envelope, and then prepared a list of names of persons to serve as petit jurors at the next term and placed the list in an envelope. The names recorded on these two lists had not been placed in the jury wheel. After preparing these lists the commissioners placed 235 names in the jury wheel for use at future terms of the Rockcastle circuit court for the year 1940. The names placed on the two lists and in the jury wheel were not selected from the assessment roll of the county, but were selected from the list of registered voters. It is appellant's contention that he did not have an adequate remedy by appeal from the judgment rendered against him in the ordi-

nary action, and that he is entitled to relief from the failure of the jury commissioners to select petit jurors as provided by Section 2241, Kentucky Statutes, although no challenge was made to the panel, if such failure was not discovered until after term time. In support of his contention that the irregularity in the selection of the jury list for the April term of court at which his case was tried and which was not discovered during the term is ground for vacating the judgment rendered at that term, appellant cites and relies upon Reynolds v. Evans, 244 Ky. 267, 50 S. W. (2d) 549, and Webb v. Niceley, 286 Ky. 632, 151 S. W. (2d) 768. In each of those cases the suit to vacate the judgment was brought under section 518, subd. 4 of the Civil Code of Practice, which provides that the court in which a judgment has been rendered shall have power after the expiration of the term to vacate or modify it for fraud practiced by the successful party obtaining the judgment. It is not claimed in the present case that fraud was practiced by the appellee in obtaining the judgment. It is merely alleged in the petition that the jury commissioners failed to select the jurors for the April term of court from the last returned assessor's book of the county and to draw their names from the jury wheel as directed in Section 2241 of the Statutes.

The case of Galliaer v. Southern Harlan Coal Company, 247 Ky. 752, 57 S. W. (2d) 645, 647, is conclusive of the question. In that case the losing party assigned as one of his grounds for a new trial irregularity in filling the jury wheel by the jury commissioners. The jury commissioners did not use the assessment roll in selecting names placed in the wheel, but got them from memory. Nineteen of the thirty-six names on the jury panel were not on the assessor's book at all. It was said:

"The rule is well settled that a challenge to a juror for cause must be made before the trial. The acceptance of the jury precludes the defendant from thereafter presenting a challenge for cause. This objection to the jury therefore came too late. The assessor's book is a public record. The names of the jury when drawn are also a public record, and, if a litigant wishes to complain, he must complain before the jury is accepted."

In the Galliaer case the irregularity was discovered during the term at which the case was tried, but was not

allowed as a ground for a new trial. To the same effect are Taylor v. Commonwealth, 256 Ky. 667, 76 S. W. (2d) 923; Gatliff Coal Company v. Hill's Adm'r, 263 Ky. 309, 92 S. W. (2d) 56; City of Covington v. Lovelace, 243 Ky. 627, 49 S. W. (2d) 593.

Both the assessment roll and jury list were public records, and appellant, by the exercise of reasonable diligence, could have discovered that the names on the jury list had not been selected from the assessment roll.

The chancellor ruled correctly on the demurrer to the petition, and the judgment is affirmed.