## Webb v. Niceley et al.

May 6, 1949.

Fritz Krueger and E. R. Denney for appellant.

B. J. Bethurum for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This action was originally instituted in August 1936. Appellees claimed ownership of the mineral rights in what is known as the Zodock Spivey tract of land. In 1902 Zodock Spivey and his wife conveyed the mineral rights in their land to William Ward; William Ward's heirs by the master commissioner conveyed to W. Mc. C. Johnston; and Johnston to New Livingston Coal Company. For satisfaction of delinquent taxes, the sheriff sold the property of the New Livingston Coal Company. W. G. Niceley was the purchaser at the sheriff's sale and claims title by reason of sheriff's deed. H. F. Niceley claims title to a ½ undivided interest from W. G. Niceley. In 1914 Zodock Spivey conveyed this land to R. G. Webb.

In that first action judgment was rendered adjudging plaintiffs below, appellees here, to be the owners of the mineral rights. Niceley went into bankruptcy, in which proceeding attempts were made to force the Niceleys to include in their assets these mineral rights. In that action the Niceleys testified that they had no claim to the mineral rights; that Minnie Moore had a deed to them and that William Lewis Niceley also had a deed, and not being their property same was not listed as an asset.

This gave rise to renewed litigation and an action was brought for a new trial, which the court below denied but which this court decided should have been granted. See Webb et al. v. Niceley et al., 286 Ky. 632, 151 S. W. 2d 768, 769.

Upon the second trial of the case the court again adjudged the appellees to be the owners of the mineral rights. Appeal was prosecuted therefrom and this court in Webb v. Niceley et al., 301 Ky. 370, 192 S. W. 2d 89, again reversed the lower court.

Upon return of the case to the lower court, appellees, over the objection of appellant, filed an amended petition, wherein it was pleaded that, after the rendition of the court's opinion in the latter case above, Minnie Moore had conveyed to appellees title to the minerals in controversy. General demurrer was interposed, which was overruled. Appellant declined to plead further. A judgment was then entered by the lower court for the

third time awarding the property in controversy to appellees. This appeal results.

The matter may be disposed of briefly. In Webb v. Niceley, et al., 301 Ky. 370, 192 S. W. 2d 89, 91, we found that appellees did not acquire title to the mineral rights by the sheriff's deed. It was stated in the opinion: "It is inescapable that the Sheriff did not sell, according to the deed, the mineral rights in lands outside the description contained in the tax sale, and the only land sold was that which was advertised as joining the Zodock Spivey land, and which, as the surveyor testified, did not include the Zodock Spivey tract, but joined it."

It was also held that the description contained in the Minnie Moore deed, the calls being identical with those of the sheriff's deed, did not include the Zodock Spivey tract. This is the law of the case. The court should have entered a judgment accordingly upon issuance of the mandate therein. The amended petition setting out the fact that Minnie Moore had deeded her property back to W. G. Niceley could avail nothing. The court should have sustained the demurrer of appellant thereto.

Consequently, the judgment herein is reversed with directions to enter a judgment consistent herewith.