### BENBERRY v. COLE.

Court of Appeals of Kentucky.
Feb. 29, 1952.

Roy N. Vance, Richard R. Bryan, Paducah, for appellant.

David R. Reed, Jack E. Fisher, Paducah, for appellee.

**MORRIS, Commissioner.**

Appeal is from a judgment granting appellee, plaintiff below, a new trial under subsection 4, section 518, Civil Code of Practice. Appellee's petition sets out the proceedings in the former trial. Appellant demurred and by answer denied generally the allegations of the petition as amended. The court overruled the demurrer, and by agreement heard the case without a jury. A new trial was directed and appeal granted.

The petition alleged that on the first trial a material witness had sworn falsely, his testimony having been induced by appellant, these acts amounting to a fraud under the section of the Code in question.

Appellant contends that the judgment should be reversed because (1) the court erroneously overruled his demurrer, and (2) the evidence was insufficient to justify the court's conclusion, since it was not "clear, strong and convincing," citing Langford v. Sigmon, 292 Ky. 650, 167 S.W. 2d 820. The demurrer was based on the alleged ground that perjury was not a ground for setting aside a judgment under the Code section.

The trial judge in his finding of facts and conclusions of law covered the ground so thoroughly that we have concluded to adopt it in the main, with some added comments.

"In October, 1947, Benberry instituted an action against Cole seeking the recovery of alleged gambling losses totaling $1,307. At the trial Benberry testified that such losses were sustained in card games on the premises of Cole, that Cole's agent, Howard, took a 'cut' from each pot or bet, and that in his presence Cole and Howard split the proceeds. A witness, Barber, corroborated Benberry's testimony. The owner of the building where the losses were alleged to have occurred testified that he had leased the property to Cole. Cole testified that he had subleased to Howard; that he had no connection with the gambling, and no interest in the 'cut.' Howard corroborated Cole's testimony.

"A jury found for Benberry, and judgment for $1,307 was entered in his favor on December 9, 1947. In March, 1948, Barber executed an affidavit to the effect that at the instance and request of Benberry, he had testified falsely at the trial with respect to Cole's presence at the games and his participation in the 'split.' This action followed and Cole seeks to have the judgment in the first action set aside, pursuant to section 518, subsection 4, Civil Code of Practice.

"This action has been properly conceived and this court has jurisdiction (Reynolds v. Evans, et al., 244 Ky. 267, 50 S.W. 2d 549; Metropolitan Life Insurance Co. v. Myers, et al., 270 Ky. 523, 109 S.W.2d 1194).

"The perjured testimony of Barber constitutes a fraud within the purview of section 518, subsection 4, Civil Code of Practice. As counsel for Benberry have stated in their brief, Barber has lied either in the first action or in his affidavit in the second action. The Court is inclined to believe the affidavit and his testimony in the second action, for the statements there made were made in the face of the appalling consequence that might (and should) await him.

"Our Court of Appeals laid down certain standards of measurement in cases of this nature in Norheimer v. Keiper, 255 Ky. 232, 73 S.W.2d 36, 37, there stating: 'If we were forced to take a position, we would at least require this much: If a judgment is obtained by perjury the unsuccessful litigant subsequently to obtain a new trial must offer to show and must clearly and convincingly show (a) that such evidence was false; (b) that the result was produced thereby; (c) that the successful party participated therein; (d) that its non-exposure then was not due to negligence of the unsuccessful party; (e) that ordinary diligence would not have anticipated it; (f) that diligence was exercised to expose it then; (g) that he can expose it now; and (h) that the means by which it is proposed to expose it now were not available to him then.'

"As is indicated above, the Court is of the opinion that (a) has been met. Barber testified that he was induced by Benberry to falsify his testimony. There is no reason why he should have undertaken to do so in the absence of such inducement. Thus (c) has been met. With respect to the balance * * *, a review of the facts is sufficient to show compliance. There is little that can be done to combat deliberate and vicious surprise falsification. Cole and his counsel were not forewarned of it and their only course of action after it occurred was to present testimony to the contrary, which they did by numerous witnesses, but, as stated above, that testimony was of a negative character that did not preclude the happening of the event outside of their vision and hearing. * * * Cole's counsel was taken by surprise; here was testimony by a disinterested party to the effect that an act had been committed by his client, whereas his client had led him to believe that he was not involved. * * * True, he knew, or should have known, that Benberry would testify as he did, but there is no showing that he should have anticipated Barber's corroboration; the fact that it was false serves to prove the point. * * *

"This action was instituted shortly after the exposure. The Court finds no lack of diligence in that respect. The Court is also of the opinion that a sufficient showing has been made that means of exposure were not available until Barber confessed voluntarily. Thus it is shown that Cole has complied with the technicalities of the law, as set forth in Norheimer v. Keiper, supra. However, a more equitable doctrine, and one which certainly appears applicable here, was stated in Metropolitan Life Insurance Co. v. Myers, supra, [270 Ky. 523, 109 S.W. 2d 1198], and the Court feels obligated to quote it: 'In a case of this kind, where there is and can be no question that gross fraud has been committed and money obtained unjustly from another, technicalities of interpretation or refinement of distinction should not and will not be permitted to embarass the court in exercising its power to do justice.'

"The judgment of December 9, 1947, is hereby set aside and held for naught, and a new trial of that action is ordered * * and appeal granted."

We have only to add little to what has been well stated in the trial judge's memorandum; we agree with his measurement of testimony under the stringent rule set out in the Norheimer case, or the less harsh rule quoted from the Myers opinion, though it occurs to us as we review the record that the court was not put to the test of "cutting through the formalities of procedure to see that justice was done on the true merits of

the controversy." Jones v. Phillips, Ky., 243 S.W.2d 890, 892.

There is another well-founded rule that has application: Trial courts are vested with a broad discretion in refusing or granting new trials, and this court will not interfere unless it appears that there has been an abuse of discretion. Daniel v. Margon, Ky., 244 S.W.2d 752.

We may add that in a case more recently decided than those hereinbefore noted, we removed any doubt as to whether perjured testimony under certain circumstances constituted fraud within the purview of the Code section in question. Webb v. Niceley, 286 Ky. 632, 151 S.W.2d 768.

Finding no error, we conclude that the judgment must be and it is affirmed.