**Gilbert Ray DEASON, Appellant,**

**v.**

**Johnnie Theresa ODEM, Appellee.**

Court of Appeals of Kentucky.

May 8, 1970.

---

James M. Collier, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellant.

Hobson L. James, Elizabethtown, for appellee.

CULLEN, Commissioner.

The automobiles of Gilbert A. Deason and Mrs. Johnnie Theresa Odem collided, injuring Deason and his wife. Mrs. Deason sued her husband and Mrs. Odem. Deason cross-claimed against Mrs. Odem for damages for his own injuries and for contribution on any recovery awarded against him on Mrs. Deason's claim. The jury found Deason solely responsible for the accident and awarded Mrs. Deason $9,022.91 in damages against him. Judgment was entered granting Mrs. Deason the amount of that award, and dismissing Deason's cross-claims against Mrs. Odem. Deason has appealed only from so much of the judgment as dismissed his cross-claims, making Mrs. Odem the only appellee. He has filed only a partial record, and a statement of points to be relied upon which are (1) errors in the instructions concerning his duty to sound his horn and Mrs. Odem's duty to observe a minimum speed limit, and (2) error in failing to instruct that Mrs. Odem was negligent as a matter of law.

The accident occurred on the Kentucky Turnpike, which is a four-lane divided highway. The two cars both were going south, Mrs. Odem's car being in front of Deason's. Mrs. Odem's version of the accident was that she was in the left lane, driving very slowly (five to ten miles per hour), seeking a way to turn left into a service facility that was located in the median area (she had passed by the entrance lane on the north side of the area); a car passed by her in the right lane; then Deason's car came up from behind and struck her car in the right rear corner. Deason's version was that both cars had been proceeding down the highway in the right lane; he turned into the left lane with the intention to pass Mrs. Odem; she suddenly put on her brakes and left-turn signal, and turned into the left lane; he then swung back to the right to go around her but she also turned back to the right; the left side of his car hit the right rear corner of her car.

■ The instructions listed numerous duties of Deason, including the duty to sound his horn when undertaking to pass. This duty was based on the provision of KRS 189.340(1) that "The person operating or in charge of the overtaking vehicle shall sound his horn or other sound device before passing." Deason's argument here is simply that this statutory requirement does not apply on four-lane divided highways. The difficulty is that the statute makes no such exception and this court is powerless to write one in. We may agree with Deason that the requirement has little basis in need on multiple-lane highways, actually is not observed by most motorists on those highways, and its observance might create such noise as to do more harm than good. However, we cannot say that the requirement is so completely unreasonable as applied to multiple-lane highways that it could not have been intended by the legislature to apply on those highways.

■ The *posted minimum* speed limit on the Kentucky Turnpike is 40 miles per hour. The instructions as to Mrs. Odem's duties stated that it was her duty not to operate her vehicle on the travelled portion of the highway at a speed less than 40 miles per hour "unless she was making or

in the process of making a left-hand turn." Deason argues that the inclusion of the left-turn exception was error, because the left turn which Mrs. Odem was contemplating (into an "Exit" lane) was an illegal one. It appears to us that if there was error in the instruction it was not prejudicial, because Deason does not claim that the accident was caused by slow speed on Mrs. Odem's part. He maintains that Mrs. Odem swerved back and forth in front of him when he was attempting to pass her. She is the one who said she was driving at slow speed in the left lane, and he said that was not true. So he is not in any position to complain that the instructions should have placed upon her an unqualified duty not to drive at a speed of less than 40 miles per hour.

For the reason just stated, there is no merit in Deason's contention that Mrs. Odem was negligent as a matter of law in driving at less than 40 miles per hour. To be a basis for liability, negligence must be a cause. Deason does not claim that the slow-speed negligence was a cause.

The judgment is affirmed.

All concur.