**Mrs. Horton (Mayola) FUSON, Appellant,**

v.

**Opal VanBEBBER, et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1970.

William A. Watson, Watson & Watson, Middlesboro, for appellant.

John James Tribell, Middlesboro, Farmer Helton, Pineville, for appellees.

STEINFELD, Judge.

Judgments were entered pursuant to a jury verdict in favor of Mrs. Opal Van-Bebber for $9,493.45, Jimmy VanBebber for $10,685.00 and Boston VanBebber for $738.00. Thereafter a motion for a new trial was made and a separate suit was filed to vacate the judgments. The relief sought was denied. Appellant prosecutes appeals from all the judgments. We have consolidated the appeals. The judgments are affirmed in part and reversed in part.

Appellant has supplied to us a comprehensive, well prepared brief but the appellees failed to file a brief within the time set by RCA 1.230. Excuses were offered to justify the tardiness but we concluded that a motion for an extension of time should be denied. We ordered that the case be submitted without appellees' brief. RCA 1.260(c) (1) authorizes us to "Accept the appellant's statement of the facts and issues as correct;" Smith v. Smith, Ky., 424 S.W.2d 573 (1968). We do so.

An automobile collision occurred on September 10, 1966, in Middlesboro, Kentucky. Mrs. VanBebber and Jimmy VanBebber were riding in the car driven by Boston VanBebber, the husband of Mrs. VanBebber and the father of Jimmy. Appellant candidly admits that there is a conflict in the testimony as to how the accident happened. From that brief we quote only the version of the appellant, to-wit:

"Boston VanBebber stated when the light turned green as he sat facing the traffic signal on 25E he executed a left turn onto Cumberland Avenue, which placed him heading west on that major thoroughfare. He said he was at all times in the lefthand of the two westbound traffic lanes on this avenue, that he proceeded west on Cumberland Avenue until he was almost opposite the driveway of the (hospital) clinic, at which time he angled his car slightly to his left preparatory to crossing the avenue and entering the driveway of the clinic. He stated * * that for a distance of one hundred or one hundred fifty feet before he reached this point that he was giving not only a blinker signal with his mechanical turn signal but was also executing a left turn signal with his arm and hand. He said there was eastbound traffic on Cumberland Avenue and it was necessary for him to come to a complete stop to await the passage of that traffic before he could continue on across Cumberland Avenue and enter the driveway of the clinic on the south side of the street. He stated his automobile was in a stopped position, that he had his arm out the window, and his blinker going for four seconds or longer, when suddenly appellant's car came up behind him, swerved around him on the left and attempted to pass going west, which would have put appellant in the eastbound lanes of traffic. Appellees said the right front fender of the appellant's car struck the left front and side of the appellee's car inflicting severe damage to the latter vehicle."

■ The original complaint was styled "Opal VanBebber and her husband, Boston VanBebber as next friend of Jimmy VanBebber v. Mrs. Horton (Mayola) Fuson" and summons was issued on it. After answer, counsel for VanBebbers moved for leave to amend the caption to read "Opal VanBebber and her husband, Boston VanBebber, individually, and Boston VanBebber as next friend of Jimmy VanBebber v. Mrs. Horton (Mayola) Fuson". Later a second amendment was offered, the caption of which read: "Opal VanBebber and her husband, Boston VanBebber, and William T. Ausmus, as next friend for Jimmy VanBebber, an infant v. Mrs. Horton (Mayola) Fuson." An order was entered permitting these two amendments to be filed.

CR 10.01 provides that "Every pleading shall have a caption setting forth the name of the court, the style of the action, the file number, and a designation as in Rule 7.01. In the complaint the style of the action shall include the names of all the parties, * * * *". Of course, the caption of the original complaint did not contain the name of all the parties, therefore, Mrs. Fuson contends that no action was ever commenced for Mrs. VanBebber and Boston VanBebber and they were not parties so as to give the court jurisdiction of those parties or the subject matter of their claims. She insists that both amendments should not have been permitted and relies on Fentzka's Adm'r v. Warwick Construction Company, 162 Ky. 580, 172 S.W. 1060 (1915), in which we said: "An amendment to a pleading necessarily assumes that the person offering the amendment has something to amend. One party to an action cannot amend another party's pleading * * * *". She also insists that no summons was ever issued on the original claims asserted by Mrs. VanBebber and Boston VanBebber.

CR 20.01 provides: "All persons may join in one action as plaintiffs if they assert any right to relief * * * severally * * in respect of or raising out of the same * * * occurrence * * * and if any

question of law or fact common to all of them will arise in the action." The complaint alleged what had occurred, and then in separate paragraphs set up the claims of Mrs. VanBebber, Jimmy and Boston Van-Bebber. It made a separate demand for damages for each of the claimants. This pleading complied with CR 8.01 in that it contained a statement of the claim of each of these parties and a demand " * * * for the relief to which (each, one) deems himself entitled." The summons issued thereon was notice of the pendency of the action on behalf of all claimants.

Mrs. Fuson argues that inasmuch, as Jimmy VanBebber is an infant and CR 17.03 provides that actions involving unmarried infants shall be brought by the guardian but if none by a next friend who is a resident of Kentucky no suit was filed. KRS 387.300(1). The VanBebber family were residents of Tennessee, therefore, the non-resident father could not act as next friend. After filing the second amendment which named William T. Ausmus, a Kentucky resident as next friend of the infant, the court authorized Ausmus to prosecute the action for the infant.

In McBride v. Moss, Ky., 437 S.W.2d 726 (1969), we pointed out that " * * * the spirit of present day court procedure is 'to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving a litigant of a chance to bring his case to trial'." There we held that it was not error to permit an amendment to be filed for the benefit of a real party in interest " * * * since the cause of action was not changed * * * ". The rationale of McBride applies here.

■ In enumerating the duties of Mrs. Fuson in the instructions the court said it was her duty " * * * if she was attempting to pass to sound her horn". Appellant objected and complains that this imposed upon her the absolute duty to sound her horn and that there was no evidence to

show that she did not do so. Her testimony was that she didn't remember blowing her horn and no other person testified on this point. KRS 189.340(1) reads in part with respect to operators of vehicles overtaking other vehicles: "The person operating or in charge of the overtaking vehicle shall sound his horn or other sound device before passing." The VanBebber car was in the highway and Mrs. Fuson had overtaken it and was attempting to pass. Her duty to sound her horn was clear. Deason v. Odem, Ky., 453 S.W.2d 598 (1970).

■ Appellant argues that a flagrant error occurred when the jury was told that even though they might believe that both the driver of the Fuson car and the driver of the VanBebber car were negligent and that their negligence combined to cause the accident, nevertheless, a verdict could be rendered in favor of Mrs. VanBebber and Jimmy so long as the jury believed those two individuals were guilty of no negligence. The jury found that the driver of the VanBebber car was free of negligence, therefore, this verdict cured the error, if any there was, in this instruction. Veach's Adm'r v. Louisville & Interurban Ry. Co., 190 Ky. 678, 228 S.W. 35 (1921). Cf. Middleton v. Jones, Ky., 285 S.W.2d 144 (1955).

■ Appellant complains of instructions which authorized the jury to render a verdict compensating Mrs. VanBebber and Jimmy for future pain and suffering. The only doctor who testified that their injuries would result in permanent pain and suffering was Dr. J. C. Ausmus, Jr. The substantial verdicts rendered for them were necessarily based on that testimony. We need not consider this complaint in the light of our ruling that the judgment rendered in the action brought pursuant to CR 60.02 was erroneous.

The suit to vacate the judgment was grounded upon alleged misstatements made by Dr. Ausmus as to his qualifications. He testified that he was licensed to practice his

profession in Florida, Kentucky, Ohio, Michigan, Illinois and Indiana when in truth and in fact he was not licensed in Ohio, Michigan, Illinois or Indiana and while he formerly was licensed in Florida his license there had lapsed. There is also some question as to the truth of other testimony respecting his qualification and experience in his profession. Under the circumstances of this case we hold that this testimony was prejudicial and that the action to vacate was timely brought. The judgment for Jimmy and Mrs. VanBebber is vacated. CR 60.02. Reynolds v. Evans, 244 Ky. 267, 50 S.W.2d 549 (1932); Webb v. Nicely, 286 Ky. 632, 151 S.W.2d 768 (1941); 40 C.J.S. 489 Judgments § 270.

The judgment in favor of Boston Van-Bebber was only for property damage and it must be affirmed. We reverse for a new trial as to damages only on the claims of Mrs. VanBebber and Jimmy against Mrs. Fuson.

All concur, except NEIKIRK, J., who was not sitting.