## JONES v. PHILLIPS.

Court of Appeals of Kentucky.

Nov. 16, 1951.

Duncan & Duncan, Monticello, for appellant.

Bruce H. Phillips, Monticello, for appellee.

CLAY, Commissioner.

This case presents unusual features. Plaintiff brought suit on an $800 check allegedly executed by defendant's decedent. The parties went to trial on a traverse of the allegations in the petition. A verdict was directed for plaintiff.

Thereafter defendant filed a motion and grounds for a new trial. The trial court sustained the motion, not for any reason therein set forth, nor because of an error appearing in the record, but upon the ground that his personal inspection of the check disclosed it had been materially altered. Thereupon defendant amended his answer and specifically pleaded as an affirmative defense the alteration of the instrument. A new trial was had, and this time the court directed a verdict for defendant.

Plaintiff's sole ground for reversal in this court is that the second jury verdict should have been set aside and the first one reinstated. The question presented is whether or not the circumstances shown authorized the lower court, in effect on its own motion, to grant defendant a new trial.

It is well recognized that a circuit court has a broad discretion in granting new trials. It is not, however, unlimited. As stated in Warren v. Turman, Ky., 120 S.W. 275: "When once a case has been tried and a litigant has had an opportunity to present his cause of action or defense, it is of vital importance to the litigants and the public that the case be not reopened and retried, save upon the most convincing and persuasive grounds, showing that an injustice has been done or a wrong committed that should be corrected by a retrial of the case."

It is an accepted principle that a trial court has inherent power to grant a new trial in the interests of justice, upon substantial grounds appearing in the record, even though those grounds have not been specified by a party litigant in his motion. See Louisville & Interurban Railway, Co. v. Pulliam's Administratrix, 259 Ky. 82, 82 S.W.2d 191; 39 Am.Jur., New Trial, Section 9; 66 C.J.S., New Trial, § 115. The court should act, however, only in extreme or aggravated cases and with great caution. See In re Murray's Estate, 238 Iowa 112, 26 N.W.2d 58.

In Evans v. Humphrey, Judge, 281 Ky 254, 135 S.W.2d 915, we acknowledged the right of a presiding judge to suggest to one of the parties a method of practice to prevent the miscarriage of justice. That, in effect, was accomplished in the present case, as the lower court permitted the defendant to set up a defense he had initially failed to plead.

The significant consideration is that the apparent miscarriage of justice appeared in the record. The claim was based on a check allegedly executed July 20, 1948, and suit was not brought upon it until after the drawer had died in 1949. Just when it was presented for payment is not shown.

On its face there was clear evidence of alteration. Testimony to that effect was given by the vice-president of the drawee bank on the first trial. There was also evidence that after January, 1948, the deceased did not have in the drawee bank a balance in excess of $72.

In view of the rather suspicious circumstances surrounding this check, the court was justified in scrutinizing closely the transaction in order to protect the decedent's estate. The drawer could not be present to testify in her own behalf, yet her estate was entitled to have all of her defenses fully presented. This was of course the primary responsibility of her administrator and his counsel, and litigants are, and should be, bound by the acts or omissions of their attorneys. However, the inadvertence of a decedent's representatives need not necessarily result in a loss to an estate where an unjust claim is presented. A trial judge is more than a mere umpire, and in an extreme case, such as this one, we think he exercised commendable judicial discretion in cutting through the formalities of procedure to see that justice was done on the true merits of the controversy.

The judgment is affirmed.