**Simon DANIEL, Appellant,**

v.

**H. B. RICE AND COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1955.

R. B. Harrington, Paintsville, for appellant.

Wheeler & Wheeler, Paintsville, for appellee.

CAMMACK, Justice.

On January 13, 1950, H. B. Rice and Company filed this action against Simon Daniel, seeking to recover the sum of $822.53, with interest, for premiums on insurance policies issued to him by the Company. The case was submitted to the jury which returned a verdict denying the Company's claim. On motion of the Company the verdict was set aside and a new trial was granted. The court also sustained the Company's motion to transfer the case to the equity docket and refer it to the master commissioner. The master commissioner recommended that the Company recover $822.53, the amount prayed for. Accordingly the court entered judgment against Daniel for that amount.

Daniel has filed a motion for an appeal under KRS 21.080. For reasons hereinafter stated, the motion is sustained and the ap-

peal is granted. Daniel contends that the court erred in granting a new trial and in transferring the case to the equity docket.

Daniel was in the business of drilling oil and gas wells and H. B. Rice and Company issued his Workmen's Compensation insurance. The amount of the premiums for that insurance was based upon Daniel's annual payroll. The Company also issued policies for public liability and property damage covering Daniel's trucks. The principal dispute in the case concerns a payment of $750 for which Daniel said he was not given credit, and whether Daniel was liable for $97.35 which the Company claimed was due on insurance covering a 1937 International Truck. The Company admitted that the $750.00 payment was made, but said Daniel was given credit for it, and that he owed $822.53 in addition.

The testimony for the Company showed that it was the practice in its dealings with Daniel, as well as other customers, to renew the policies as they became due and bill the insured for the amount of the premium. The truck was insured on October 20, 1947, and renewals were continued on it until February 20, 1950, when Daniel informed the Company that the truck had been sold.

Daniel said he sold the truck in 1948, and sent the Company a letter on December 23, 1948, notifying it to cancel the policy on the truck. The Company's testimony showed that the notice was never received, and that according to its custom it renewed the policy on January 1, 1950.

The Company's motion for a new trial was based upon the following grounds: (1) The verdict was contrary to the weight of the evidence; (2) the instructions were erroneous; (3) the court erred in refusing to give a peremptory instruction offered by the Company; and (4) incompetent evidence was admitted and competent evidence was excluded. The trial court did not assign any reason for granting a new trial in his order, so it was necessary for us to search the record to determine if an error existed sufficient to justify that action.

The only material issues of fact were whether Daniel was given credit for the payment of $750 and whether he gave notice to the Company to cancel the policy covering the truck. The evidence was in sharp conflict on these questions, and clearly the questions were for a jury to decide. The argument that the instructions were erroneous is also without merit. The Company offered no instructions and the record does not show that it objected to the instructions given by the court. Even if an objection had been made by the Company we find no error in the instructions given. The record also fails to show that either side moved for a peremptory instruction. But if a motion for a peremptory instruction had been made it would not have been error to refuse it, in view of the sharp conflict in the evidence. We also fail to find that incompetent evidence was admitted, or that competent evidence was excluded.

The trial court has a broad discretion in granting or refusing a new trial. But such discretion is not without limit. Jones v. Phillips, Ky., 243 S.W.2d 890; Burton v. Spurlock's Adm'r, 294 Ky. 336, 171 S.W.2d 1012. A trial court's discretion is abused by granting a new trial when no sufficient or sound reason exists therefor, or where the court travels outside the record to find grounds for granting the new trial. Stockdale v. Eads, Ky., 263 S.W.2d 133; Steinke v. North Vernon Lumber Company, 190 Ky. 231, 227 S.W. 274. A trial court has no right to disturb the findings of a jury merely because it may not agree with the verdict, where the evidence is sufficient to support it.

The record before us fails to disclose any sound reason for the granting of a new trial. All of the grounds assigned by the Company were without merit, and it failed to point out any other grounds in the record sufficient to warrant the court's action. Therefore, it was an abuse of discretion for the trial court to grant the new trial.

Since we have held that it was error to grant a new trial, the question of whether

the case should have been transferred to the equity docket need not be discussed.

Judgment reversed, with directions to set it aside, and to enter a judgment on the jury's verdict.