Norma SPEARS, Appellant,

v.

Dariel BURCHETT, Appellee.

Gloria SALLEE, Appellant,

v.

Dariel BURCHETT, Appellee.

Court of Appeals of Kentucky.

March 9, 1956.

Rehearing Denied May 18, 1956.

.John F. Coldiron, Frank K. Warnock, Greenup, for appellants.

J. B. Bates, Greenup, Thomas Burchett, Ashland, for appellee.

HOGG, Judge.

These appeals have been brought by Norma Spears and Gloria Sallee, who, along with three other plaintiffs, instituted separate actions against Dariel Burchett for damages which arose out of a collision between an automobile owned and operated by Burchett and an automobile owned and operated by Charles Vencil Spears, in whose car the appellants were guests. The cases were tried together in the court below and will be disposed of by us in this opinion. At the first trial a jury returned a verdict finding that both drivers were negligent and that Burchett should pay damages to all five guests in Spears' car. Gloria Sallee and Norma

Spears received verdicts totalling $3,493.50 and $6,467.50, respectively. The other three plaintiffs received damages only for medical expenses. Judgments were entered on these verdicts, but later the court granted Burchett a new trial in each case. The second trial resulted in a hung jury. At the third trial the jury found that Burchett was not negligent, and judgments were entered in his favor. Appellants insist that the judgments in the third trial should be reversed and the trial court directed to reinstate the judgments rendered on the first trial.

Charles Vencil Spears, on October 5, 1952, took six members of his family, including appellants, on a pleasure ride in his automobile. The group traveled several miles and turned around to return. It was raining slightly and the road was wet. The car, being driven by Spears, was traveling south on U.S. 23 when it collided with an automobile being driven by Dariel Burchett, traveling north. The accident occurred on a straight stretch of the highway, which was twenty feet wide and two hundred and eighty feet long, after the Spears car had come around a slight curve to its left and the Burchett car had come around a curve to its right. The right front of the Burchett car crashed with the left front of the Spears car. After the collision the Spears car rested in a ditch over on Burchett's side of the road, headed in the same direction that the Burchett car had been traveling, with the two right wheels in the ditch and the two left wheels on the berm of the road. The Burchett car came to a stop diagonally across the center line, headed in the direction it had been traveling.

One of the occupants of the Burchett car, Mrs. Evelyn Tabor, was killed in the collision, and Burchett's wife received serious injuries. Burchett received cuts and fractures, but the other occupants of his car were not seriously injured. Among the occupants in the Spears car, Charles Vencil Spears and his grandmother were killed, and the appellants, Norma Spears and Gloria Sallee, were rendered unconscious by the accident. They were taken to a hospital, where they remained for several weeks while being treated for shock and multiple cuts and fractures, some of which never healed properly. Mrs. Sallee was pregnant at the time of the collision, and the baby was found dead upon a premature delivery of it after the accident. Because of her pregnancy, she was given medical treatment without anesthetics.

The occupants of the Spears car testified that it was traveling approximately thirty-five miles per hour on its side of the road at the time of the collision. Appellant Spears, who was riding in the middle of the rear seat of the car testified that she saw the Burchett car zigzagging in the road when it was from thirty to forty feet in front of the Spears car, and it crossed the mid-stripe in the road and crashed into them. Bill Roy Sallee, who was in the right front seat, first saw the Burchett car when it was ten feet in front of the Spears car on Spears' side of the road. Appellee Burchett, his wife, and his brother estimated the speed of the Spears car between sixty and seventy miles per hour, and they said it was skidding in the road when they first saw it. Burchett testified that when he saw the Spears car he pulled partially off the pavement of the road and slowed down from thirty-five miles per hour, the speed which he was traveling before he came to the scene of the collision, to near a stop. Three witnesses, who were following behind Burchett before the crash, agreed that Burchett was traveling about thirty-five miles per hour.

There were no eyewitnesses of the collision other than those persons in the two cars involved in the collision. Several people who lived close by testified as to circumstances before and after the accident happened. Mr. Taylor, who lived about one hundred and fifty feet from the point of collision, went to the scene immediately after the accident occurred. He testified that he smelled whisky on the breath of one of the occupants in the rear seat of the Burchett car, and that he heard Mr. Burchett say that he might have avoided

the accident if he had not been driving fast. A lady testified that Burchett made a different statement after the accident to the effect that Spears was skidding and he, Burchett, had done everything to prevent the accident. Burchett did not remember making any of these statements. Lahoma Wireman testified that she saw the Spears car from the window of her house just before the accident, which was approximately one hundred and seventy-five feet from the point of the collision, and the car was skidding and its wheels were "screeching." One witness who came upon the scene said that he saw marks in the highway which indicated that the Spears car skidded over on Burchett's side of the road. Other witnesses who were at the scene of the collision said they did not see any skid marks. The ambulance driver who took the injured persons to the hospital testified that he saw a liquor bottle lying on the rear floor of the Burchett car, but all the occupants of the car denied having imbibed any whisky or having any in their possession. Some persons testified they smelled antifreeze that had spilled from the radiator of the Burchett car.

At the first trial judgments were entered upon the jury's verdicts on February 3, 1954. The next day appellee filed motions for a new trial in each of the cases, which contained the following grounds: (1) Irregularity in the proceedings of the jury or abuse of discretion by the jury by which the defendant was prevented from having a fair trial; (2 and 3) misconduct of plaintiffs' counsel implying insurance; (4) excessive damages; (5) the verdict is not sustained by sufficient evidence and is contrary to law; (6) errors of law occurring at the trial; and (7) the court erred in refusing to give instructions offered by the defendant. On March 31, 1954, the court entered orders in each case sustaining these motions, stating, "The above-styled cases were joined for trial by one jury. The verdicts in the five separate cases appear to be so inconsistent with the evidence that this court is of the opinion that the jury could not have given proper consideration to all of the cases under consideration,

and by the verdicts returned, emphasized the recovery to two of the plaintiffs to the prejudice of the other three plaintiffs. Defendant's motion for a new trial in each case is granted." On April 3, the court entered another order stating, "This cause having been submitted to the court upon defendant's motion and grounds for a new trial, and the court after having considered same and being sufficiently advised, sustains said motion." The record discloses that proper steps were taken after each trial to preserve the appellant's rights for our consideration on this appeal.

Appellants contend: (1) The grants of new trials to appellee were nullities because they were not made within the time prescribed by the Civil Rules; (2) even if the court did grant new trials within the time so prescribed, such was an abuse of discretion; and (3) parts of the instructions given by the court in the third trial were prejudicially erroneous. Appellee, on the other hand, contends that appellants did not take these appeals in time.

Appellants base their first contention upon the reasoning that the order of March 31 granted the appellee a new trial for a reason not stated in appellee's motion for a new trial, and argue that this is the same as granting a new trial on the court's own initiative under CR 59.04, which to be effective must be made not later than ten days after the entry of the judgment. The Federal courts generally take this view in construing the identical Federal Rule, Fed. Rules Civ. Proc. rule 59(d), 28 U.S.C.A. See Marshall's U. S. Auto Supply Co. v. Cashman, 10 Cir., 111 F.2d 140; Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610; National Farmers Union Auto. & Cas. Co. v. Wood, 10 Cir., 207 F.2d 659. However, Mr. Moore takes issue with this construction, and we are inclined to accept his reasoning. See 6 Moore Federal Practice, Section 59.09(2).

If no motion for a new trial is served, the court of its own initiative may not under CR 59.04 order a new trial later than 10 days after the entry of judgment. One

of the principal purposes of this rule is to assure the finality of judgments. If, however, a motion for a new trial is timely made, this automatically suspends the judgment under CR 73.02. Since the judgment is suspended, no sound reason appears why the court may not, in considering the motion for a new trial, examine possible prejudicial errors which might warrant a new trial in the furtherance of justice, even though those particular errors may not have been specified in the motion. This view is consistent with the recognized principle under the former Civil Code that a trial court is not confined to errors set forth in the motion for a new trial. Louisville & Interurban Ry. Co. v. Pulliam's Adm'x, 259 Ky. 82, 82 S.W.2d 191; Jones v. Phillips, Ky., 243 S.W.2d 890; Gaidry Motors, Inc. v. Brannon, Ky., 268 S.W.2d 627. It may also be pointed out that since the court has pending before it a motion for a new trial, in granting that motion, even though for a reason not stated in it, the court is not acting on its own initiative but is acting pursuant to a request initiated by the motion of one of the parties litigant. In the case at hand, the orders of March 31 granting new trials were made pursuant to motions for new trials, and they were not in violation of CR 59.04 applying to orders entered on the court's own initiative. It is unnecessary to consider the propriety of the orders entered on April 3.

◼ In considering appellants' second contention that the granting of the new trials was an abuse of discretion, we will first look to the reason stated in the court's order; that is, the verdicts were inconsistent and emphasized the recovery of two of the plaintiffs to the prejudice of the other three. We are of the opinion that the claimed inconsistency does not justify the granting of new trials on appellee's motions. Appellee was the defendant, and he was not in a position to complain that three of the plaintiffs in the other separate actions were not awarded adequate damages.

◼ Looking next to appellee's specified grounds for a new trial, it is argued strongly that the court rightfully granted him a new trial because the verdicts of the jury, finding both drivers negligent without giving any reasons therefor, were not supported by sufficient evidence. We cannot agree. The testimony of the eyewitnesses as to how the accident occurred is conflicting. The position of the cars after the collision tends to support the finding that the cars met in the middle of the road. It is unlikely that, if the Burchett car was pulled to near a stop on the shoulder of the road, the Spears car could have crossed the road, hit the right front of the Burchett car with its left front end, knocked the Burchett car to the middle of the road, and come to rest after it turned around with its left wheels still on the berm of the road. The trial court has no right to disturb the findings of a jury merely because the court may not agree with a verdict, where the evidence, as it is here, is sufficient to support it. Daniel v. H. B. Rice & Co., Ky., 275 S.W.2d 924.

◼ This Court is authorized to review the entire record upon an appeal from an order granting a new trial. It is not confined to errors specified by the lower court as a basis for granting or refusing a new trial, nor is it confined to errors specified in the motion for a new trial. Louisville & Interurban Ry. Co. v. Pulliam's Adm'x, 259 Ky. 82, 82 S.W.2d 191. Upon a close review of the record, we find no other ground which would have justified the court's granting of a new trial under CR 59.01, which sets forth the grounds for a new trial, and the court abused its discretion in so doing.

◼◼ Finally, appellee contends that the trial court's order of April 12 overruling appellants' motion to set aside the order granting the new trials was a final and an appealable order, and, therefore, this appeal should be dismissed as not having been taken in time under the Civil Rules of Procedure. There is no merit in this contention, for under the practice in this jurisdiction, an appeal from an order setting aside a verdict granting a new trial is held in abeyance until another trial is had and an appeal is taken from the last judg-

ment. Burton v. Spurlock's Adm'r, 294 Ky. 336, 171 S.W.2d 1012; House v. Rawlings, 296 Ky. 578, 177 S.W.2d 562; Clay, CR 59.01, Comment 4 (1955 Supp.). Certainly, if there could have been no appeal from the order granting the new trial at the conclusion of the first trial, there could be no appeal from the court's order overruling the motion to set aside the order granting the new trial.

The judgments are reversed, with directions to reinstate the verdicts returned by the jury on the first trial and to enter judgments in conformity therewith.