**Ted WOODS et al., Appellants,**

v.

**John H. ASHER, Sr., Appellee.**

Court of Appeals of Kentucky.

May 22, 1959.

J. W. Craft, Jr., Hazard, Roy W. House, Manchester, for appellants.

A. E. Cornett, Hyden, for appellee.

CLAY, Commissioner.

This controversy arose out of a collision between a loaded coal truck owned and operated by defendant appellants and a pickup truck owned and operated by plaintiff appellee Asher. Plaintiff suffered substantial personal injuries.

The case was tried twice. At the conclusion of the first trial the jury returned a verdict for defendants. A motion for a new trial was filed by plaintiff, which the trial court sustained without stating any reason for such ruling. On the second trial a jury returned a verdict for plaintiff in the sum of $15,000. Defendants' sole contention is that the granting of the new trial constituted error.

It is apparent from the record and the briefs that the only ground upon which the trial court might have been justified in granting a new trial was that the original verdict for the defendants was not sustained by sufficient evidence. CR 59.01(6). It is necessary to examine the evidence on the first trial on this question of insufficiency.

Plaintiff's and defendants' trucks were proceeding in the same westerly direction on highway 421. According to the plaintiff, "there was an unusual amount of heavy traffic on the road", consisting principally of loaded coal trucks proceeding westerly toward Manchester. Just east of the Red Bird bridge is a gravel road leading south, on the left side of the road as the vehicles approached. To the right at this point is an area off the highway, in front of Feltner's store, which will accommodate vehicles.

Shortly before reaching the point just described, plaintiff in his pickup truck had passed defendants' truck. Plaintiff's intention was to turn left onto the gravel road. He said it was his custom not to turn left from the highway but to pull off in front of Feltner's store, and when there was no traffic on the main highway he would then cross it and proceed south on the gravel road. Pursuant to this custom, plaintiff slowed his vehicle and started his turn off the highway to his right. When his truck was partly off the pavement, he was struck from behind by defendants' truck.

Plaintiff testified he was observing defendants' truck behind him, which he says he passed 1,600 feet back, and that for this entire distance he was giving a hand signal of his intention to turn right. He also testified no vehicle was approaching from the opposite direction.

The defendant driver of the truck testified plaintiff passed him 250 or 300 feet from the place of the accident, and said:

"We got out in front of this store and he was by me and he cut back in front of me. He didn't give no signal or nothing. He started off to the right, I cut out to miss him. When I cut out there was a jeep station wagon in the center of the bridge. I had to hit him or the other one."

Another witness supported the driver's statement that no signal was given by plaintiff. This witness testified he was driving a station wagon across the bridge in the direction of the approaching trucks. He saw plaintiff's truck turn partly off the road and saw defendants' truck cut out to miss him, and then pull back. He stated that defendants' truck would have hit him

head-on had it not returned to its proper lane of traffic.

We do not know, and do not undertake to determine, whose negligence caused this accident. However, the issue presented to the trial court on the motion for a new trial and the issue presented to us is whether or not there was sufficient evidence to support the original verdict for the defendants.

■ From the foregoing résumé of some of the testimony (the other witnesses simply confirmed the general features of the accident), it appears to us a jury could reasonably have found negligence on the part of either the plaintiff or the defendant driver, or both. Such jury might properly question the credibility of the plaintiff, particularly his statement that he continuously gave a turning hand signal for such a great distance as 1,600 feet. It might have considered significant the fact that he did not make his left turn if, as he stated, there was no oncoming traffic, and defendants' truck was not close enough to constitute a hazard. The jury may have believed the testimony of the defendant driver, which was in substance that the plaintiff, almost immediately after passing, abruptly slowed down without giving a signal and created an emergency from which the former could not extricate himself.

■■ It is the function of the jury to determine questions of credibility and issues of fact where the evidence is conflicting. While the trial court has a broad judicial discretion in granting or refusing a new trial, it may not set aside a verdict of a jury because it does not agree with the verdict if there was sufficient evidence to support it. Daniel v. H. B. Rice & Company, Ky., 275 S.W.2d 924; Spears v. Burchett, Ky., 289 S.W.2d 731. In our opinion there was ample evidence to support the first verdict, and it was error to set it aside.

The judgment is reversed, with directions to enter judgment for defendants on the original verdict.