**Ancil DUNN, Movant,**

v.

**Jay CONLEY, Jr., Respondent.**

Court of Appeals of Kentucky.

April 1, 1977.

Discretionary Review Granted
June 29, 1977.

Ronald G. Combs, Cooper, Gullet & Combs, Hazard, for movant.

Cordell H. Martin, Hindman, for respondent.

Before HOWARD, PARK and LESTER, Judges.

LESTER, Judge.

Ancil Dunn sustained injuries while driving on Kentucky Highway 80 when the car owned and operated by Goldie Compton Collins collided with the right side of Dunn's vehicle. Dunn sued Collins. Jay Conley, Jr., as administrator of the Estate of Goldie Compton Collins, became party defendant by substitution due to Collins' unrelated death prior to trial. The jury returned a verdict for the defendant. Dunn then moved the court for a judgment notwithstanding the verdict or for a new trial. The court sustained plaintiff's motion for a new trial and upon retrial the jury awarded plaintiff damages of $103,-081.34. Defendant appeals from the judgment citing as error the grant of the new trial. We reverse since in our opinion substantial evidence supported the first verdict and no other ground existed to justify setting the original verdict aside.

The parties agree that at about nightfall on November 21, 1972, three vehicles proceeded west on Kentucky Highway 80 near Knott County, Kentucky. The lead vehicle, a pickup truck operated by Jay Conley, Jr., rounded a curve and pulled over onto the wide shoulder on the right-hand side of the road in order to check his mailbox. Just beyond the mailbox, a small side road which leads to Jay's residence joins the Highway. From this point, the parties dispute the

events leading up to the accident. Appellant claims that Goldie, who had been following her friend Jay, put on her signal to turn right onto the road to Jay's house when appellee, having come from the bend at a high rate of speed went partially over onto the shoulder in an attempt to pass Goldie on the right. Appellee counters asserting that he had slowed his car to about 10 miles an hour when the car in front of him crossed over the double yellow lines completely out of his lane. He assumed that he could continue safely, but Goldie suddenly swerved right thus causing the crash.

The course of this litigation, which has involved two trials in essentially the same manner, but with opposite results, has had an unusual procedural history. After the court had ordered another trial, the defendant moved the court to advise him of the error which compelled its decision so that he might avoid the error on retrial. The court then informed the defendant that in granting the new trial, it did not rely on two of the grounds stated in plaintiff's motion, erroneous instructions, or a juror allegedly absenting himself from the rest of the jury during deliberations. While we admit that this narrows the field of possible errors, it does little to enlighten either the defendant or this Court.

Appellee seems to claim that at the first trial, the court directed a verdict for him on the question of negligence and only submitted the issue of damages to the jury. Therefore, to follow the appellee's logic, the jury, by ignoring the trial court's instructions, committed such misconduct so as to necessitate a new trial. Appellee has steadfastly maintained that the facts entitled him to a directed verdict. Perhaps this diligence caused the second counsel for the appellee in his brief to mistakenly attribute to the trial judge a statement made by the prior attorney for the appellee in his closing argument. From this misquote stems the appellee's theory about the directed verdict. However, even a cursory glance at the record reveals that counsel, at both trials, argued the matters of negligence and damages. The court in the second trial, after overruling motions for a directed verdict, instructed the jury as to the duties of both parties. Although we have not been furnished with the instructions in the first trial, we assume that appellee would have at some time during the second trial mentioned to the court that he had received a peremptory instruction on negligence had this in fact happened.

The verdict not being sustained by sufficient evidence, or being contrary to law, provides the only ground on which the trial court could have based the order of another trial. Consequently, in light of the conflicting testimony, which would permit a verdict for either party, *Woods v. Asher*, Ky., 324 S.W.2d 809, 811 (1959) disposes of this appeal. In that case, the Court wrote:

> It is the function of the jury to determine questions of credibility and issues of fact where the evidence is conflicting. While the trial court has a broad judicial discretion in granting or refusing a new trial, it may not set aside a verdict of a jury because it does not agree with the verdict if there was sufficient evidence to support it.

We reverse the judgment and direct the court to enter judgment for defendants on the original verdict.

All concur.