**Robert HADLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, ex rel. Melissa JACKSON and D.T.J., Appellees.**

**No. 2001–SC–0055–DG.**

Supreme Court of Kentucky.

May 22, 2003.

---

Brian Pack, Herbert, Herbert & Pack, Thomas W. Davis, P.S.C., Glasgow, Counsel for Appellant.

Dennis Wilcutt, Assistant Barren County Attorney, Charles A. Goodman, III, Garmon & Goodman, Glasgow, Counsel for Appellee.

LAMBERT, Chief Justice.

This paternity action originated in the Barren District Court. At trial, the jury found Appellant not to be the father of the child. Following reversal by the Barren Circuit Court for a new trial, upon further review, the Court of Appeals affirmed in part, reversed in part, and remanded for a new trial. We granted discretionary review (CR 76.20) to consider whether a new trial is required.

Prior to trial, the district court determined that an expert witness would be necessary for the introduction of scientific blood test results. At trial, the Commonwealth presented evidence through an expert that based on paternity tests Appellant was probably the father. Ms. Jackson, the mother of the child, was called to testify by the Commonwealth, and on cross-examination she testified that she had originally believed another man, Ricky Lyons, to be the father. The Commonwealth sought to counter this evidence by proof of blood test results exonerating Lyons, or by the order dismissing the earlier paternity action against him. The district court disallowed introduction of either, because as it had previously ruled that an expert witness was necessary for introduction of the paternity tests. The court also held that the order of dismissal was not a true adjudication of the matter, but was the product of an agreement.[1] Thus, the Commonwealth was left without persuasive evidence to respond to Ms. Jackson's previous admitted accusation of Lyons as the father. Despite expert testimony that computed Appellant's paternity probability at 99.95%, the jury found that Appellant was not the father.

On appeal, the Barren Circuit Court reversed and remanded for a new trial. It held that the district court erroneously

---

1. The order of dismissal also recited that blood test results substantially excluded Lyons as the father.

excluded the order dismissing the Lyons paternity action and the blood test results. As such, the circuit court held that the Commonwealth did not receive a fair trial, and that the jury was misled. Upon discretionary review, the Court of Appeals substantially affirmed the circuit court and affirmed the remand for a new trial. Despite failure of the Commonwealth to move for a mistrial, the Court of Appeals held that "the Commonwealth's remedy was a mistrial." It reasoned that when Appellant elicited testimony from Ms. Jackson that she had accused and filed suit against Lyons prior to suing Appellant, the Commonwealth should have countered with blood test evidence and the order of dismissal, but could not because the evidence was inadmissible.[2] Appellant obtained review in this Court seeking reversal of the Court of Appeals decision.

■ Appellant argues that the trial court had no duty to grant an unsought mistrial and that the Court of Appeals had no right to reverse on this unpreserved issue. In turn, the Commonwealth argues that it was an abuse of discretion by the trial court to exclude the evidence from the case against Lyons, and that the Commonwealth was thereby prejudiced.

■ It is well settled that a party must object and seek relief at the time the error or objectionable behavior occurs.[3] This is to afford the trial court an opportunity to make correction. A mistrial must be sought and it is in the sound discretion of the trial court to grant or deny the motion. "If a party claims entitlement to a mistrial, he must timely ask the court to grant him such relief."[4] Herein, the Commonwealth did not move for a mistrial or any other relief, and as such there was no basis for the Court of Appeals, absent a determination of palpable error,[5] to remand this case for retrial based on an unpreserved question without any relief having been sought at trial.

The Commonwealth further argues that a court has the discretion to grant a new trial in the interest of justice although the grounds were not specified by a party. For this argument it relies on *Jones v. Phillips,*[6] as follows: "It is an accepted principle that a trial court has inherent power to grant a new trial in the interests of justice, upon substantial grounds appearing in the record, even though those grounds have not been specified by a party litigant in his motion."[7] In *Jones v. Phillips,* it was apparent to the trial court that a material alteration to a check had occurred and for that reason the trial court granted a new trial. On appeal, the Court noted that "[t]he court should act, however, only in extreme or aggravated cases and with great caution."[8]

In the present case, the Court of Appeals points to no error by the trial court to justify a new trial. It merely declares that the Commonwealth did not receive a fair trial because it should have been able to counter the testimony elicited by Appellant wherein Ms. Jackson revealed the pre-

---

2. This Court recognizes the existence of KRS 406.091(6) that purports to allow a verified expert's report to be admitted without the testimony of the expert, but this statute was not raised at trial and the issue not preserved nor presented on appeal.

3. CR 46; KRE 103; *Jenkins v. Commonwealth,* Ky., 477 S.W.2d 795 (1972).

4. *West v. Commonwealth,* Ky., 780 S.W.2d 600, 602 (1989) (citing *Jenkins v. Commonwealth, supra.*).

5. KRE 103(e).

6. Ky., 243 S.W.2d 890 (1951).

7. *Id.* at 891.

8. *Id.*

vious paternity action against Lyons. Presumably, this is the basis of the Court of Appeals view that a *sua sponte* mistrial was required. In fact, the Commonwealth should have anticipated that Appellant would cross-examine Ms. Jackson upon her affidavit that Lyons was the father of her child.[9]

The trial court did not disallow the introduction of evidence regarding Lyons' blood test results. Rather, prior to the trial, it held that an expert would be required for introduction of this type of evidence from either party. The cross-examination testimony from Ms. Jackson did not unfairly prejudice the Commonwealth. The testimony merely invited an explanation, but the Commonwealth failed to proffer admissible evidence in rebuttal.

The trial court was within its discretion to require an expert witness to present scientific evidence regarding blood tests and the probability of paternity. The Commonwealth could have presented the results of Lyons' tests through such an expert. The trial court was also within its discretion to prevent introduction of the order dismissing the action against Lyons as the order was the functional equivalent of the blood test results. Moreover, without a witness to testify about the test results referred to in the order, Appellant would have been unable to cross-examine the results of the paternity test.

For these reasons, the judgment of the Court of Appeals is reversed and the final judgment of the Barren District Court is reinstated.

All concur.

---

9. *See e.g., Smith v. Commonwealth,* Ky., 904 S.W.2d 220, 222 (1995).